## UNITED STATES *v.* WOOTTEN and others.

*(District Court, E. D. South Carolina.   January 18, 1887.)*

1. CONSPIRACY—DEFINITION.
     Conspiracy is when two or more persons agree together to do an unlawful
     act, or to do some lawful act in an unlawful manner, and the crime is com-
     plete when such combination is formed, and an act is done to further it.
2. POST-OFFICE—USING MAIL TO DEFRAUD—ELEMENTS OF OFFENSE — REV. ST.
     U. S. § 5480.
     The elements in the offense of using the mail for the purpose of defrauding,
     created by Rev. St. U. S. § 5480, are (1) the devising, or intending to devise, a
     scheme or artifice to defraud; (2) the opening, or intending to open, corre-
     spondence or communication with some other person, or inciting such per-
     son to open correspondence, by means of the post-office department, with the
     one devising the scheme; and, (3) in pursuance of the scheme, putting a letter
     or packet in the mail, or taking one out.
3. SAME—INTENT NOT TO PAY FOR GOODS.
     In order to constitute the offense of using the mail for the purpose of de-
     frauding, under Rev. St. U. S. § 5480, the intent not to pay for the goods must
     exist before credit sought,—must precede an order for goods;—and it is not
     fraudulent, within the meaning of the statute, if one, not in solvent circum-
     stances, should seek credit or order goods without the present means of pay-
     ing for them; nor would it come within the meaning of the statute if one had
     ordered goods, and afterwards devised a purpose of escaping from paying for
     them.

Indictment under Rev. St. § 5440.

*L. F. Youmans,* Dist. Atty., and *C. M. Furman,* Asst. Dist. Atty., for
the United States.

*Buist & Buist* and *W. E. Klein,* for defendants.

SIMONTON, J., *(charging jury.)*   The three defendants stand charged
before you, in an indictment under section 5440 of the Revised Statutes,
for conspiring to commit the offense against the United States forbidden
in section 5480, Rev. St.   Remember to keep this before you.   The
question for you to decide is, are they guilty of having formed such a
conspiracy?   The thing to be punished is the unlawful conspiracy, not
the particular acts alleged to have been done in consequence of it.   Each
of them—some of them—may have violated the provisions of section
5480.   The evidence must satisfy you that two or more of them con-
spired together to commit the offense created in section 5480, Rev. St.,
and that so they have violated section 5440, which forbids two or more
persons from forming a conspiracy to commit an offense against the
United States.   The statutes of the United States contain many prohi-
bitions, define many offenses, against the United States.   You have had
before you, during this term, several of these cases, and have been in-
structed with regard to them.   Any one convicted of violating any of
these sections is guilty of a crime, and will receive the punishment spe-
cially provided therefor.   If two or more persons conspire to commit
any one or more of such offenses, and one or more of them act thereon,
they are guilty of another and wholly distinct crime,—that of con-
spiracy.

Conspiracy is when two or more persons agree together to do an unlawful act, or to do some lawful act in an unlawful way,—when they combine to accomplish a criminal or unlawful purpose. It is complete when such combination is formed, and an act is done to further it. Such act must be done to carry out this agreement. *U. S.* v. *Mitchell*, 1 Hughes, 439. You will therefore first inquire, did these defendants, or any two of them, form a conspiracy to do the thing charged in this indictment? Did they agree between themselves to do it, and, after having so agreed, combined, conspired, did they, or any of them, carry out such agreement by an act? If you find that they, or any two of them, did so conspire, and that such act was done, you will next inquire into the thing for which the conspiracy was formed, as charged in the indictment. They are charged with having conspired in devising, or intending to devise, a scheme or artifice to defraud, in this: that, representing themselves to be merchants, engaged in business, they should seek credit from parties abroad, and order goods of various descriptions and quantities to be shipped to them, they intending not to pay for any such goods so ordered, but to convert them to their own use; that the mail was to be used for this purpose in the opening correspondence with such merchants, or inciting correspondence to be opened with them; that, pursuing their plan, they each placed in the mail the letters set out in the indictment.

There are three elements in the offense created under section 5480: *First.* The devising, or intending to devise, a scheme or artifice to defraud. *Second.* An essential part of the scheme or artifice must be the opening, or intending to open, correspondence or communication with some other person, or inciting such person to open correspondence, by means of the post-office department, with the one devising the scheme. *Third.* And, in pursuance thereof, putting a letter or packet in the mail, or taking one out.

It is not denied that these defendants corresponded with other parties, ordering goods, by mail, and that each of them received letters; so you can limit yourselves to the question, did they devise, or intend to devise, a scheme or artifice to defraud? A large number of letters, written by each of the defendants, have been read to you. They have been admitted in order that you may judge whether they lead to the conclusion charged. The first letters show that Wootten sought the position of commercial agent for Waidner & Co., of Chicago; that, upon receiving their authority, he at once sent on an order for goods for Buchheit, a co-defendant, recommending him; and that, about or at the same time, the other defendant wrote to the same firm, mentioning Wootten's name and recommendation, and ordering similar goods. None of the other letters, written separately by these defendants, makes reference so distinctly to one another of those charged with the conspiracy. They are letters of individual members of the alleged conspiracy. They all bear date about the same days, order the same class and kind of goods, in the same amounts, and in very much the same language, sometimes naming Wootten's purchases as a guide. Letters of each defendant were produced. These letters seem to have brought many replies. Sometimes goods were

shipped C. O. D. Sometimes with bills of lading attached to drafts. Sometimes they came without this precaution. In no case, when precaution was not used, were the goods paid for. In a few cases the goods were obtained when precautions were used.

Waters and Buchheit have produced in evidence receipts showing that during the period of six months in which it is alleged that the scheme existed they had purchased goods from other persons than those to whom these letters were addressed, and have sometimes paid for them. Wootten has not produced any receipt of this character. You have not only seen their letters, you have had the testimony of witnesses living in the same town with the defendants as to the character of their business, and its volume, and as to their own character. They have no rating in the intelligence offices. They are insolvent. There is no direct evidence before you as to any conspiracy between these parties, or as to the intent with which the goods were ordered. You must decide, from all the testimony before you, whether or not a scheme or artifice was devised whereby merchants in various parts of the country were to be defrauded by orders for goods sent by mail, with an intent upon the part of the persons ordering them not to pay for the goods if they came. The testimony is circumstantial. The facts proved should all point to one conclusion. They must exclude every other hypothesis than that of the guilt of these parties.

In coming to your conclusion, you must bear in mind that if one not in solvent circumstances should seek credit or order goods, without the present means of paying for them, this, by itself, is not fraudulent; nor would it come within the meaning of this section, if one had ordered goods and afterwards devised a purpose of escaping from paying for them. The intent not to pay for the goods must exist before credit sought,—must precede the order for the goods. This is the law of this case, and you are to apply it. In reaching your conclusion, perhaps it is best for you first to decide whether the correspondence of these defendants was the result of a scheme or artifice formed to defraud merchants by ordering goods for which it was intended that no payment should be made. If you come to the conclusion that such a scheme or artifice was formed, then you must satisfy yourselves whether these defendants, or any two of them, conspired together in the formation of such scheme or artifice.

One word more on the point. They must have conspired together in the scheme. If you conclude that one of them conceived the idea of the fraud, and ordered goods, without the connivance of the others, which were sent to him, and that the others, hearing of this, and struck with the new and easy mode of making money, imitated his example, each on his own account, this is not conspiracy. But if they combined together, formed the scheme together, and then they, or each of them, or any of them, carried it out, this would be conspiracy. If you are satisfied, beyond a reasonable doubt, that a conspiracy by two or more of them was formed to do the acts charged, and that these were the ordering of goods by mail, under the pretense of being in business as mer-

chants, from other merchants, with a formed intent of not paying for them, you will find the defendants or such two or more of them as were concerned in such scheme guilty. If you find that there was no precedent fraudulent intent, or that there was no conspiracy, you will find the defendants not guilty.