### United States *v.* Watson *et al.*

*(District Court, E. D. North Carolina.* April 27, 1888.

1. POST-OFFICE — USE OF MAILS TO DEFRAUD — WHAT CONSTITUTES OFFENSE — REV. ST. § 5480.

Forming a plan to defraud by ordering goods by mail, with the intention of not paying for them, under the false pretense that the persons mailing the orders are merchants, is a "scheme or artifice to defraud," within the meaning of section 5480 of the Revised Statutes; and the act of mailing a letter ordering goods in pursuance of such scheme is indictable under such statute.[1]

[1] See note at end of case.

2. SAME—EVIDENCE—MAILING OF SIMILAR LETTERS.

    Evidence of the mailing of similar letters, not set forth in the bill of indictment, is admissible on the question of intent.

(*Syllabus by the Court.*)

    Indictment for Using the Mail to Defraud. On motion to quash.

    SEYMOUR, J. The motion to quash must be denied. The indictment is framed under section 5480 of the Revised Statutes. The statute punishes by fine and imprisonment the act of devising a scheme to defraud, to be effected by opening correspondence with another person by means of the post-office department, and the placing of any letter in a post-office, in execution of such scheme. A scheme is charged in the bill. It consists of a plan formed by the two defendants to order merchandise by letters written under a printed heading, describing themselves as "Watson & Co., Wholesale Merchants," whereas the firm was pretended and fraudulent; and promising to pay promptly for the same, whereas the defendants intended to obtain the merchandise and not pay therefor. It is further charged that, for the purpose of executing such scheme, the defendants placed in the post-office at Newbern a letter addressed to one M. Payne, in New York, ordering a sulky, and promising to pay therefor.

    The court does not intend, in deciding this motion, to pass upon the form of the bill. It is the first one found by a grand jury in this circuit founded upon the act of June 8, 1872, and has not been considered in detail. That the acts charged come within the statute is not to be doubted. A plan to cheat by ordering goods through the mail, with the intention of not paying for them, under the false assertion that the persons mailing the orders are wholesale merchants, is certainly a "scheme or artifice to defraud." Doubtless the facts would also constitute evidence of "false pretense" under the state statute against cheating; but the use of the mail as a part of the plan brings the act within the jurisdiction of the United States courts. It is claimed that the statute was aimed against lottery companies. There is a statute (Rev. St. § 3894) especially devoted to that matter. The words of section 5480 are plainly general.

    The mailing of certain letters is charged in this bill, but evidence of the mailing of similar letters in pursuance of the scheme alleged to have been formed by the defendants will be held relevant on the question of intent.

    The defendants were subsequently found guilty, and sentenced, under the indictment

NOTE.

    POST-OFFICE—USE OF MAILS TO DEFRAUD—REV. ST. U. S. § 5480. The scheme to defraud, indictable under section 5480 of the Revised Statutes, is to be effected by the deviser of it opening a correspondence by mail, or by his inciting some one else to open such correspondence with him. Brand v. U S., 4 Fed. Rep. 394. The sending through the mail of a letter calculated to induce the purchase of counterfeit money at a low price, for the purpose of circulating it, constitutes such an offense as is created by the statute, although no evidence of an intention to defraud any particular person is shown. U. S. v. Jones, 10 Fed. Rep. 469. In his opinion in this case, BENEDICT, J., says: "Any scheme the necessary result of which would be the defrauding of somebody is a scheme to defraud, within the meaning of section 5480. * * * The gist of the offense con-

sists in the abuse of the mail. The *corpus delicti* was the mailing of the letter in execution of the unlawful scheme." One who advertises for agents to sell goods and distribute circulars, with no intention to employ such agents, but intending to incite persons to send him money for agents' outfits, without intending any equivalent for the same, and to carry out this device takes a letter and packet from the post-office, and deposits a packet in the post-office, is guilty of the offense described in the statute; though it also appears that defendant has filled all orders made upon him for goods sold. U. S. v. Stickle, 15 Fed. Rep. 798. The court say in this case that "the offense described in the statute is a misdemeanor simply, and not a crime of a high grade or a felonious character." An attempt to defraud a creditor by inclosing with a letter to him worthless slips of paper, in place of money which the letter states is inclosed therewith, and sending such letter and slips to the creditor through the mail, is not such an offense as is created by the statute. U. S. v. Owens, 17 Fed. Rep. 72.

The elements of the offense created by the statute are (1) the devising, or intending to devise, a scheme or artifice to defraud; (2) the opening, or intending to open, correspondence or communication with some other person, or inciting such person to open correspondence by means of the post-office department, with the one devising the scheme; and, (3) in pursuance of the scheme, putting a letter or packet in the mail, or taking one out. There must be a precedent fraudulent intent, and it is not fraudulent, in itself, within the meaning of the statute, for an insolvent to order goods without the present means of paying for them; neither does it fall within the statute for one to order goods, and afterwards devise a purpose of escaping payment. U. S. v. Wootten, 29 Fed. 702.

In U. S. v. Flemming, 18 Fed. Rep. 907, which was an indictment under the aforesaid section, BLODGETT, J., in charging the jury, said: "It is not necessary, in order to make out a case under the law, that the defendant shall be the inventor or originator of the scheme or artifice to defraud. * * * But if a person uses or attempts to use an old scheme or device for purposes of fraud, by means of the mails, he is as clearly within the scope of this law as if he was the first to have conceived or thought of such scheme."

As to the form and sufficiency of an indictment under the section, see U. S. v. Martin, 28 Fed. Rep. 812; In re Haynes, 30 Fed. Rep. 767; U. S. v. Hoeflinger, 33 Fed. Rep. 469; Ex parte Henry, 8 Sup. Ct. Rep. 142; U. S. v. Hess, 8 Sup. Ct. Rep. 571.