## UNITED STATES *v.* SMITH.

*(District Court, E. D. Wisconsin.* March 23, 1891.)

1. **USING MAILS TO DEFRAUD—INDICTMENT.**

    An indictment charging defendant with a scheme to defraud, intending to engage apartments to be furnished and decorated as a Chinese physician's office, and to represent to various persons through newspaper advertisements, circulars, and letters, to be sent through the post-office establishment of the United States, that he was a Chinese physician, well skilled in the science of medicine, etc., and having devised the aforesaid scheme to defraud, to be effected by opening correspondence with various persons by means of the post-office establishment of the United States, did in and for executing said scheme and in attempting so to do deposit in the post-office, to be sent, etc., a certain letter, etc., is insufficient to charge an offense under Rev. St. U. S. § 5480, amended by 25 St. 873, because it fails to charge an intent to use the mails to defraud otherwise than by implication or recital.

2. **SAME—FICTITIOUS NAME.**

    The charge of such an unexecuted scheme is not a sufficient allegation that defendant was engaged in an unlawful business to bring the assumption and use of and request to be addressed by a fictitious name within Rev. St. § 5480, subsec. 2, and make it an offense.

At Law.

*Elihu Colman,* U. S. Dist. Atty., and *C. S. Carter,* Asst. U. S. Dist. Atty.

*J. V. Quarles,* for defendant.

JENKINS, J. The Revised Statutes (section 5480, as amended by 25 St. 873) provides that—

"If any person, having devised or intending to devise any scheme or artifice to defraud, to be effected by either opening or intending to open correspondence or communication with any person by means of the post-office establishment of the United States, or by inciting such other person to open communication with the person so devising or intending, shall, in executing or attempting to execute such scheme, deposit in the post-office for transmission by mail any letter, packet, writing, circular, pamphlet, or advertisement, or shall receive any such therefrom shall be punished," etc.

Subsection 2 of section 5480, as amended, declares that—

"Any person who in and for conducting, promoting, or carrying on in any manner by means of the post-office establishment any scheme or device as above mentioned, or any other unlawful business whatsoever, shall use, assume, or request to be addressed by any fictitious, false, or assumed title, name, or address, or name other than his own proper name, or shall take or receive from the post-office any letter, postal-card, or packet addressed to any such fictitious name, shall be punished," etc.

The indictment contains three counts,—the first two preferred under the first provision of the section, the third count under subsection 2. The defendant demurs separately to each count that no offense is stated within the comprehension of the statutes to which the indictment is addressed. The first two counts are alike, except as to the time of the offense, and may be considered together. It is therein charged that the defendant devised a scheme to defraud various persons, and particularly ——, out of a large sum of money by means of false pretenses and fraudulent representations, with intent to obtain such money without consideration,

v.45F.no.8—36

and to convert it to his own use; the defendant intending in and by said scheme to engage commodious apartments as a place of business on Grand avenue, in the business portion of the city of Milwaukee, the apartments to be furnished and decorated with designs and devices in imitation of Chinese articles, so as to represent a Chinese physician's office, and to falsely and fraudulently represent to the person° mentioned and others—

"Through newspaper advertisements, circulars, and letters, to be sent through the post-office establishment of the United States, that he was a Chinese physician, well skilled in the science of medicine, and possessed superior knowledge and ability in healing and in prescribing remedies for various bodily diseases of —— and of others, and that he possessed certain rare Chinese herbs and medicines of great curative power and value in the treatment of diseases whereof —— and others were afflicted, and that for certain monetary consideration to be paid him he could and would cure —— and others of their diseases by means of such herbs and medicines to be prescribed by him, and thus by false pretenses and representations to induce —— and others to pay him large sums of money, without other consideration therefor, and to convert the same to his own use; the defendant well knowing, as the facts were, that he was not a Chinese physician, or a physician of any kind; that he had no skill in the science of medicine; that he had no special knowledge or ability in treating or prescribing remedies for the diseases of —— or of others; that he possessed no Chinese herbs or medicines; that the pretended Chinese herbs and medicines had no curative power or value whatever in the treatment of the diseases of —— or others; that he could not cure her or them of their diseases; and that he intended to obtain her and their money by the stated false pretenses and fraudulent representations, without giving other consideration therefor, and to convert such money to his own use."

The indictment then proceeds to state that the defendant—

"Having theretofore devised, as aforesaid, the aforesaid scheme to defraud, to be effected by opening correspondence with said —— and said other persons by means of the post-office establishment of the United States, and by inciting the said —— and said other persons to open communication with him," did, in and for executing said scheme, and in attempting so to do, on, etc., deposit in the post-office, to be sent to the said ——, a certain letter, etc.

It is objected to these counts of the indictment (1) that the charge is defective, in that it is not alleged that it was part of the scheme that it should be effected by opening or inciting to correspondence by means of the postal establishment; and, if this objection be untenable, (2) that the scheme alleged, although designed to be accomplished by means of the postal establishment, fails to disclose a fraud upon any one.

The constituents of the offense are three in number: (1) The scheme to defraud; (2) as an essential part of the scheme, the opening, or design to open, correspondence by mail; (3) in execution of the scheme, the deposit in or taking from the post-office a letter. *U. S.* v. *Wootten*, 29 Fed. Rep. 702; *U. S.* v. *Hoeflinger*, 33 Fed. Rep. 469.

The purpose of the law is to prohibit mail facilities in aid of fraudulent schemes. It is not clear why the design to use the mails was required as a constituent element of the offense. Thereby the statute measurably defeats its purpose, since the mail may be used in aid of fraud-

ulent practices if the intent so to use was not part of the scheme to defraud. But *ita lex scripta est*, and it must be administered as declared. The pleading an offense under the statute was considered in *U. S.* v. *Hess*, 124 U. S. 483, 8 Sup. Ct. Rep. 571. It was there ruled that all the material facts and circumstances embraced in the definition of the offense must be stated; that no essential element of the crime can be omitted without destroying the whole pleading; that the omission cannot be supplied by intendment or implication; and that the charge must be made directly, and not inferentially, or by way of recital. Testing the pleading here by the rule so declared, I am of opinion that the objection to the first two counts of this indictment is well sustained. The assertion in the pleading that it was the intent of the scheme to make certain false representations through newspaper advertisements, "to be sent through the post-office establishment of the United States," is clearly insufficient to charge the second element of the offense. It is a statement of the medium through which the newspapers were to have circulation, but falls short of charging that the scheme comprehended a design that it should be effected by means of the post-office establishment in opening correspondence with the intended victim of the fraud. The pleader would infer design from a possible result. That is not permitted, design constituting an element of the crime. After directly charging a scheme to defraud, the pleading states, substantially following the language of the statute, that the defendant, "having theretofore devised, as aforesaid, the aforesaid scheme to defraud, to be effected by opening correspondence with ―――― by means of the post-office establishment of the United States," etc., "did deposit," etc. It is not objectionable to charge the design to open correspondence through the mails in the very words of the statute, without further expansion, because those words in and of themselves fully and without ambiguity declare the nature of the design. *U. S.* v. *Carll*, 105 U. S. 611. But the charge, though couched in the language of the statute, must be made directly, not left to inference, nor stated by way of recital. Herein the pleading is defective. It is not charged directly that the scheme embraced the design to use the mails for its accomplishment, and the statement, as made, is merely by way of recital. This conclusion makes it unnecessary at this time to consider the second objection urged to these counts of the indictment, that the scheme alleged does not constitute a fraud within the meaning of the law.

The third count states the scheme to defraud as declared in the other counts, and then charges that in conducting, promoting, carrying on, and executing said scheme through correspondence by mail the defendant used, assumed, and requested to be addressed other than by his own proper title, name, and address, to-wit, by the fictitious, false, and assumed title of "Gun Wa." This count is framed under subsection 2 of the statute, as amended. The subsection forbids the use of an assumed name in the execution of any scheme or device mentioned in the principal section, or any other unlawful business whatsoever. Failing to properly allege a scheme within the intendment of the principal section, the count under consideration cannot be sustained, unless it can be held to state an

unlawful business.    Without stopping now to inquire whet er the word
" business" is here employed in the sense of open and regular e nployment,
or comprehends an isolated unlawful transaction, it is sufficient to say
that the count charges no business of any kind.    It avers the devising
of a scheme, embracing the design to engage apartments to be fitted up
in keeping with the role to be assumed,—that of a Chinese physician;
the contemplated assertion of the possession and curative power of certain
Chinese herbs, and thereby to fraudulently procure the money of others.
But all this rested in intent.    An unexecuted scheme is not a business.
The court is not advised by the pleading that any part of the scheme was
ever executed in whole or in part; no apartments engaged, fitted up as
designed, or opened to the public; no assertion of the profession to be
assumed; no assertion of the possession or curative power of rare Chinese
herbs, or of any act or series of acts that might fitly be characterized as
a business.    The single overt act asserted is the assumption of and a re-
quest to be addressed by a false and fictitious title or name.    That act
must, however, be done in the conduct of a business, and of a business
which is unlawful, if the offense, as charged, can be sustained under this
subsection.    The business must be specifically charged, and its unlawful
character disclosed, for it is not an offense within the statute to assume
a fictitious name in a lawful business.    In the absence of direct aver-
ments, a business or its character may not be inferred from the letter set
forth.    U. S. v. Hess, supra.    The count was intended to charge the offense
in execution of a scheme mentioned in the principal section, and not of
other unlawful business comprehended in the subsection.    However in-
tended, it fails to charge an offense in respect of either.    The demurrer
will be sustained.