UNITED STATES v. LONG.

(District Court, S. D. California. May 20, 1895.)

No. 721.

Using Mails to Defraud—Indictment.

An indictment under Rev. St. § 5480, alleging that defendant devised a fraudulent scheme "to be effected by opening correspondence * * * by means of the post office establishment," though following the language of the statute, is defective, as failing to directly allege that defendant, as a part of his fraudulent scheme, designed its accomplishment through the instrumentality of the post office.

Benedict Long was indicted under Rev. St. § 5480, for using the United States postal establishment as a means to defraud. Defendant demurred to the indictment.

George J. Denis, U. S. Atty.

J. V. Hannon, for defendant.

WELLBORN, District Judge. There are three counts in the indictment, but, so far as concerns the demurrer, they are alike, and may be considered together. The objections urged to the indictment are that the averment as to the devising of the fraudulent scheme alleged against the defendant is by way of recital, not direct statement, and that there is no charge whatever, unless it be by implication or inference, that the defendant intended, as a part of such scheme, to effect the same by opening correspondence through the postal establishment of the United States. The averment in question is as follows:

"That Benedict Long, late of the Southern district of California, heretofore, to wit, on the 1st day of January, in the year of our Lord one thousand eight hundred and ninety-five, having devised a scheme to defraud one J. W. Strickler, to be effected by opening correspondence and communication with said Strickler by means of the post-office establishment of the United States, * * * in the furtherance and execution of said scheme, did knowingly, willfully, unlawfully, and feloniously place and cause to be placed in the post office of the United States at Vista, San Diego county, California, a certain letter," etc.

Section 5480 of the Revised Statutes provides as follows:

"If any person, having devised any scheme or artifice to defraud to be effected by either opening or intending to open correspondence or communication with any person * * * by means of the post office establishment of the United States, shall, in and for executing such scheme or artifice, place or cause to be placed any letter * * * in any post office of the United States to be sent or delivered by the said post office establishment, or shall take or receive any such therefrom, such person so misusing the post office establishment shall, upon conviction, be punishable," etc.

Under this section the courts have repeatedly held that, to constitute the offense therein defined, three things are necessary: First, a scheme to defraud; second, as an essential part of the scheme, an intention to effect the same by opening correspondence through the mail; third, the depositing of a letter in the mail or taking one therefrom, in execution of such scheme. Stokes v. U. S., 15 Sup. Ct. 617; U. S. v. Smith, 45 Fed. 561; U. S. v. Wootten, 29 Fed. 702.

In the case of U. S. v. Harris, 15 Sup. Ct. 347, tried in this court last November, Judge Ross held that one of the elements of said offense was the intended use of the mail in furtherance or execution of the fraudulent scheme; and, because the indictment did not allege directly that the scheme included such intended use of the mail, he instructed the jury to return a verdict of acquittal. In the case of Weeber v. U. S., 62 Fed. 740, the precise point here involved was not discussed, or even referred to in terms, but the objections there urged seem to have been that, under the facts of that case, there was no likelihood that the use of the mail would effect the fraudulent purpose charged, and that such use was only one step in a series of acts intended to accomplish said purpose, and that, therefore, the indictment was bad. Against these objections the court held the indictment good. I do not, however, consider this last-named case as an authority in opposition to the rulings in the other cases above cited. Indeed, Judge Ross cites the Weeber Case, among other authorities, in support of his ruling in the Harris Case.

It is unnecessary, however, to further review this line of authorities, since the supreme court of the United States, in the late case of Stokes v. U. S., above cited, has authoritatively declared that:

"Three matters of fact must be charged in the indictment and established by the evidence: (1) That the persons charged must have devised a scheme or artifice to defraud; (2) that they must have intended to effect this scheme, by opening or intending to open correspondence with some other person through the post-office establishment, or by inciting such other person to open communication with them; (3) and that, in carrying out such scheme, such person must have either deposited a letter or packet in the post office, or taken or received one therefrom."

The requirement is elementary that an indictment should allege with directness all the constituents of the crime it purports to charge. On this subject the supreme court of the United States has spoken in emphatic and unequivocal language, as shown by the following quotation:

"The general, and, with few exceptions, of which the present case is not one, the universal, rule on this subject, is that all the material facts and circumstances embraced in the definition of the offense must be stated, or the indictment will be defective. No essential element of the crime can be omitted without destroying the whole pleading. The omission cannot be supplied by intendment or implication, and the charge must be made directly, and not inferentially or by way of recital." U. S. v. Hess, 124 U. S. 486, 8 Sup. Ct. 571.

The averment here that the defendant, "having devised a scheme to defraud one J. W. Strickler, to be effected by opening correspondence and communication with said Strickler by means of the post-office establishment of the United States," seems to be more in the nature of a recital than a positive allegation, and therefore, according to the authorities, is at least open to criticism. Assuming, however, without deciding, that this defect is one of form, and not fatal, the more serious objection remains that the indictment fails to allege that it was defendant's intention, as a part of his

fraudulent scheme, to open correspondence through the mail. Nor is it any answer to this objection to say that the language of the indictment is the same as that employed in the act of congress creating the offense, for the obvious reason that the rules of construction applicable to an indictment are different from those which control the interpretation of a statute. To illustrate: Section 5480, already quoted, provides "that if any person, having devised * * * any scheme or artifice to defraud, to be effected by * * * opening * * * correspondence * * * with any other person * * * by means of the post office establishment of the United States," etc. This provision does not in terms require that the person devising the fraudulent scheme must intend, as a part of the same, that it shall be effected by opening correspondence through the mail, but the implication is strongly that way, and the courts have accordingly and uniformly held such intention to be a material element of the offense; and the decisions to this effect do no violence to any requirement of statutory construction, but are in harmony with the well-recognized principle that, where a statute creating a penalty is susceptible of two meanings, that meaning which operates in favor of life or liberty is to be adopted. With reference, however, to indictments, the rule of construction, although approved by the same favorable disposition to life and liberty, is inexorable that the essential constituents of the offense sought to be charged must be expressly and positively averred. In the language of the supreme court, quoted above, "no essential element of the crime can be omitted without destroying the whole pleading. The omission cannot be supplied by intendment or implication, and the charge must be made directly, and not inferentially or by way of recital." Applying this rule to the present case, and remembering that one of the constituents of the crime sought to be charged is that the defendant intended, as a part of his fraudulent scheme, to open correspondence through the mail, the insufficiency of the indictment becomes clearly manifest. The averment, assuming it positive and direct, that the fraudulent scheme was "to be effected by opening correspondence, * * * by means of the post office establishment," is merely a designation of the instrumentality by which the scheme was, in point of fact, to be accomplished, and, unaided by implication or inference, certainly falls far short of charging that the defendant, as a part of his fraudulent scheme, designed its accomplishment through the instrumentality named. For fuller illustration and support of this point, I refer again and specially to the case of U. S. v. Smith, supra.

In the case of Stokes v. U. S., supra, the indictment, which was held to be sufficient, alleged as follows:

"That the post-office establishment of the United States was to be used for the purpose of executing such scheme and artifice to defraud, as aforesaid, pursuant to said conspiracy, by opening correspondence with said persons, firms, and companies, unknown to the grand jurors, and by inciting said persons, firms, and companies and others, as aforesaid, to open correspondence with the said defendants by means of the post-office establishment of the United States."

This, it will be observed, is an averment, not only that the post-office establishment was to be used in executing the fraudulent scheme, but, furthermore, that such use was a part of the scheme, or, in the phraseology of the indictment, was "pursuant to said conspiracy." The allegation, however, of the indictment in the present case, is simply that the fraudulent scheme was to be effected by the use of the postal establishment, without any averment that such use was designed as a part of the scheme.

My conclusion is that the indictment does not charge expressly and with directness, if at all, that the fraudulent scheme comprehended an intention that the same should be effected by opening correspondence through the postal establishment of the United States, and, for that reason, is defective.    Demurrer sustained.