UNITED STATES v. BERNARD et al. SAME v. KELLAR et al. SAME v. EBERMAN et al. SAME v. CLARKSON.

(Circuit Court, S. D. New York. January 13, 1898.)

INDICTMENT—SECTION 5480, REV. ST.—SCHEME TO DEFRAUD—FALSE REPRESENTATIONS—INTENT TO CONVERT NOT ALLEGED.

Upon an indictment under section 5480, Rev. St., for the use of the mails in furtherance of a scheme to defraud, the scheme is sufficiently alleged by averments setting forth an endeavor by the defendants to induce persons to send their money to defendants for investment in a business enterprise by certain specified false representations and allurements, even though no intent by the defendants to convert such moneys to their own use is stated. Held, also, that a count is sufficient, which charges a scheme to induce persons to send their money to the defendants for pretended investment in a business enterprise on account of the persons who send the money, but with the real intent to convert the money to the defendants' own use. Held, further, that in a count upon a scheme to defraud by means of false representations, it is necessary to aver clearly and definitely the making of some specific representations, and the falsity of the same.

These were indictments for using the mails in furtherance of a scheme to defraud.

Wallace Macfarlane, U. S. Atty., and Max J. Kohler, Asst. U. S. Atty., for the United States.

Abram J. Rose, William H. Murray, Abraham Levy, and William A. Sweetser, for defendants.

BROWN, District Judge. The above indictments are all of the same general character. They are based upon section 5480 of the United States Revised Statutes, and charge the defendants in each case with having deposited a letter in the post office of this district in execution of a scheme to defraud, to be effected by the use of the United States mails. The fraudulent scheme alleged, was the endeavor "to induce the persons addressed to send and intrust their moneys to the defendants," acting in the one case under the corporate name of E. S. Dean & Co.; in another under the name of Talcott & Co.; in the third, under the name of Sam Kellar & Co.; and in the fourth, under the name of W. F. O'Connor & Co., "for investment and employment of such moneys in trade and commerce,

for the use and benefit of the several persons, who should so send and intrust such moneys"; that the inducements held out therefor were certain false, fictitious and fraudulent statements and representations, made in circulars or letters, which were sent by mail, concerning the previous history, status and business prospects and expectations in reference to the enterprise specified in such letters. The first count in each indictment, while setting forth the scheme and the falsity of certain representations made, and stating in general terms a design to defraud the persons to whom the letters were addressed, does not allege any intent by the defendants to convert the moneys thus procured to their own use. This constitutes the first ground of the demurrer to these counts.

Upon this branch of the demurrer the question arises whether a scheme to obtain money for investment in a regular business enterprise (since no other is alleged) for the benefit of those from whom it is procured, but to obtain it by means of false representations as to past or expected profits, is a fraudulent scheme, even though the persons who thus procure the money intend to use it legitimately for the benefit of those who remit it. In most of the reported cases of this kind, the indictments have charged, not merely an intent to defraud, but an attempt to convert or appropriate the moneys obtained to the defendant's own use. The second counts in all these indictments contain this averment. I am of the opinion, however, that this is not indispensable in order to constitute "a scheme or artifice to defraud" within section 5480. To induce a person to part with the possession of his money by false representations of fact, and by holding out expectations which it is known cannot be realized, is obtaining the possession of money fraudulently; and any scheme which by such means aims at inducing other persons to part with their money and enable others to get it, is a scheme to defraud, though no doubt less heinous than if the intent was also to convert the money thus obtained to the defendant's use. The owner is fraudulently deprived of the possession of his money; and any scheme to effect that by false representations is a scheme to defraud within this act.

2. A further ground of the demurrer is that of duplicity, in that the indictments charge two offenses in the same count, as it is argued, inasmuch as it is therein alleged that the scheme to defraud was to be effected "by opening correspondence, etc., and by inciting the person addressed to open correspondence," etc. The statute declares it to be an offense to deposit a letter in the attempt to execute a scheme to defraud which is to be effected by opening correspondence, etc., or by inciting others to open correspondence. The gravamen of the offense, however, is in depositing a letter in the post office in order to effect the fraudulent scheme, or in taking such a letter therefrom. In this case, the allegation is the deposit of a single letter in execution of the scheme alleged. The scheme referred to infringes the statute if it is designed to be effected, either by opening correspondence, or by inciting others to open correspondence. But when the scheme is to be carried out by opening correspondence through the mails, almost of necessity it includes the in-

vitation and incitement to a response by correspondence through the mails. The deposit of such a letter, which thus opens correspondence and invites a reply, is certainly only a single offense. The averment in the indictment that the scheme to defraud was intended to be carried out by opening correspondence and inciting others to correspond in reply, does not import necessarily anything more than this, and is, therefore, not subject to the objection of duplicity.

3. In some of the indictments, the second count, while alleging the intent to convert any moneys sent them to the defendants' own use, does not allege the falsity of any specified statements contained in the letters or circulars quoted and alleged to have been sent by mail. I do not think this is necessary where the count explicitly charges, as the second counts charge, that the money was sought for the ostensible purpose of investment in business for the sender's account, but with the real intent to convert the moneys to the defendants' own use.

4. In the third count of the indictment against Bernard and others, there is no averment of any intent to convert the moneys to defendants' own use. It can only stand, therefore, upon the procuring of money by false representation; and in such a count it is necessary that the particular false statement should be pointed out. In this respect the third count in that indictment is, in my judgment, defective. The other counts are sustained.