## EWING v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 20, 1905.)

No. 1,048.

**1. POST OFFICE—FRAUDULENT USE OF MAILS—SCHEME TO DEFRAUD.**

An indictment alleged that defendant and another devised a scheme to defraud certain persons named, "which said scheme to defraud was to be effected by opening correspondence and communication with such persons and by distributing advertisements, circulars, prospectuses and letters by means of the post-office establishment of the United States and by inciting such persons to open a correspondence through such post-office establishment, with them, the said [defendants named], concerning said scheme, which scheme was then and there as follows, to wit," etc., followed by a specification of the scheme, in which it was alleged that defendants made through the mails a number of representations, which were all false and known by them to be false, and that, in reliance upon such representations, persons named in the indictment were induced to, and did, give to defendant and his associate certain sums of money, and that, in furtherance of such scheme, a certain specified letter was placed in the mails, etc. *Held*, that the indictment was not fatally defective, in that it was not directly charged therein, and that it did not appear therefrom, that the alleged scheme to defraud included or contemplated a use of the mails or post-office establishment of the United States.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Post Office, § 72.]

**2. SAME—FALSITY OF REPRESENTATIONS.**

Where an indictment for misuse of the mails in furtherance of a scheme to defraud alleged that the representations made by letters, circulars, etc., sent through the mails, were utterly false and untrue in fact, and were known by defendant and his accomplice to be so, and it did not appear that defendant made any objection to the introduction of evidence on such branch of the case, he could not object for the first time on appeal that the indictment did not negative the truth of the representations alleged, on the ground that the allegations made were mere conclusions of law.

**3. SAME.**

The gist of the offense being the scheme to use the mails in furtherance of a purpose to defraud, and an act done to carry out the same, and not the obtaining of money by means of false representations, the indictment was not defective for failure to negative the truth of such representations.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Post Office, § 72.]

**4. SAME—INTENT TO DEFRAUD.**

Where an indictment for misuse of the mails charged a scheme to defraud by means of false representations to be disseminated through the mails, that the scheme was carried out, that the representations were false and fraudulent, and that thereby certain named persons were induced to part with their money and give it to defendant, it was not necessary that the indictment should also allege that the scheme was formed by defendant with intent to defraud.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Post Office, § 72.]

In Error to the District Court of the United States for the Northern District of California.

Frank McGowan and Bert Schlesinger, for plaintiff in error.

Benjamin L. McKinley and Marshall B. Woodworth, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted of a violation of the provisions of section 5480 of the Revised Statutes, as amended March 2, 1889 [U. S. Comp. St. 1901, p. 3696]. The indictment alleged that on December 31, 1900, the plaintiff in error and one George B. Chaney devised a scheme to defraud certain persons named, "which said scheme to defraud was to be effected by opening correspondence and communication with such persons and by distributing advertisements, circulars, prospectuses and letters by means of the post-office establishment of the United States and by inciting such persons to open a correspondence through such post-office establishment, with them, the said William Baer Ewing and George B. Chaney, concerning said scheme, which scheme was then and there as follows, to wit." Then follows the specification of the scheme, in which it is alleged that the defendants in the indictment made through the mails a number of representations, which were all false, and known by the defendants to be false, and that, in reliance upon said representations, persons named in the indictment were induced to, and .did, give to the plaintiff in error and his associate certain sums of money; and it was further alleged that, in furtherance of the scheme to defraud, a certain letter was placed in the mails. Before the introduction of evidence in the cause, objection was made to the indictment on the ground that it was not directly charged therein, and that it did not appear therefrom, that the alleged scheme to defraud included or contemplated a use or abuse of the mails or the post-office establishment of the United States. The same objection is now urged in this court.

The essential averments of an indictment under the statute are pointed out in Stokes v. United States, 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667, where it was said that three matters of fact must be charged therein and established by the evidence:

"(1) That the persons charged must have devised a scheme or artifice to defraud. (2) That they must have intended to effect this scheme by opening or intending to open correspondence with some other persons through the post-office establishment, or by inciting such other person to open communication with them. (3) And that, in carrying out such scheme, such person must have either deposited a letter or packet in the post office, or taken or received one therefrom."

Counsel for the plaintiff in error cite and rely upon that case in support of their contention that the indictment in this case is defective. The statute thus defines the offense:

"If any person having devised or intending to devise any scheme or artifice to defraud * * * to be effected by either opening or intending to open correspondence or communication with any person whether resident within or outside the United States by means of the post office establishment of the United States, or by inciting such other person or any person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice or attempting so to do, place or cause to be placed any letter," etc.

In the Stokes Case the indictment, after setting forth the nature of the scheme, proceeded to allege "that the post-office establishment of the United States was to be used for the purpose of executing such scheme and artifice to defraud, as aforesaid, pursuant to said conspiracy, by opening correspondence * * * by means of the post-office estab-

lishment of the United States." The indictment in that case was sustained by the court. It is attempted to distinguish the present case from that by pointing out the fact that it is alleged in the indictment herein that the fraudulent scheme "was to be effected" by the use of the post-office establishment of the United States, and it is said that there is absence of averment that such use was designed or intended as part of the scheme. We find no merit in this contention. There is no substantial difference in the language of the indictment in this case from that of the indictment in the Stokes Case. The averment that the fraudulent scheme of the plaintiff in error was to be effected by the use of the post-office establishment is a distinct averment that it was a part of the scheme; that it had its inception when the scheme was formed, and was within the original contemplation thereof. This is all that is required of the pleader. It is enough if it appear that the use of the mails was intended as an essential part of the scheme, and not a mere possibility or an adjunct or an incident thereto. The plaintiff in error cites, also, United States v. Smith (D. C.) 45 Fed. 561; United States v. Harris (D. C.) 68 Fed. 347; and United States v. Long (D. C.) 68 Fed. 348. In the first of these cases the indictment set forth particularly the scheme to defraud, and the means adopted to accomplish that end, and then proceeded to allege that the defendant, "having theretofore devised as aforesaid the aforesaid scheme to defraud to be effected by opening correspondence * * * by means of the post-office establishment of the United States, and by inciting * * * to open communication with him, did, in and for executing said scheme and in attempting so to do, deposit in the post office * * * a certain letter." The court, while admitting that it is no objection to charge the design to open correspondence through the mails in the very words of the statute, without further expansion, held that the pleading was defective in not charging directly that the scheme embraced the design to use the mails; the statement being made merely by way of recital. In United States v. Harris the indictment was properly held defective for the reason that it contained no direct allegation that the fraudulent scheme included the use of the post-office establishment of the United States in its aid or furtherance. It alleged only that in pursuance of the scheme the defendants placed and caused to be placed in the United States post office the letter set out in the indictment, and that the letter so deposited was to further and effect the object of the conspiracy, which was alleged to be "to misuse the post-office establishment of the United States by devising a scheme to defraud." In United States v. Long the defendant was charged with having devised a scheme to defraud one J. W. Strickler, "to be effected by opening correspondence and communication with said Strickler by means of the post-office establishment of the United States." The court said that this "seems to be more in the nature of a recital than a positive allegation," but that "the more serious objection remains that the indictment fails to allege that it was the defendant's intention, as a part of his fraudulent scheme, to open correspondence through the mail." "Nor," said the court, "is it any answer to this objection to say that the language of the indictment is the same as that employed in the act of Congress creating the offense." The decision of the learned judge

in that case is not, we think, sustained by the authorities. In United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516, it was held that the offense defined in section 5480 may be described in the general language of the act, although the description, it was said, must be accompanied by a statement of all the particulars essential to constitute the offense, and to acquaint the accused with what he must meet on the trial. The indictment in that case alleged that the defendant, "having theretofore devised a scheme to defraud divers other persons to the jurors aforesaid as yet unknown," which said scheme he "intended to effect by inciting such other persons to open communication with him * * * by means of the post-office establishment of the United States." The court adjudged this averment to be sufficient, but held that the indictment was defective for want of specification of other particulars of the alleged scheme. It may be observed further that the form of the indictment in the present case, in the particular referred to, is substantially the form used in the indictments which were sustained in Culp v. United States, 82 Fed. 990, 27 C. C. A. 294; Hume v. United States, 118 Fed. 689, 55 C. C. A. 407; O'Hara v. United States, 129 Fed. 553, 64 C. C. A. 81; Kellogg v. United States, 126 Fed. 323, 61 C. C. A. 229; and Durland v. United States, 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709.

It is contended that the indictment is fatally defective, in that it fails to negative the truth of the representations alleged to have been made. The indictment alleges that the representations were utterly false and untrue in fact, "and were well known by the said William Baer Ewing and George B. Chaney to be utterly false and untrue in fact." This, it is said, is a mere statement of a conclusion of law, and is not sufficient. This objection to the indictment was not presented to the court below, nor is it included in the assignments of error. The testimony upon that branch of the case not having been presented here, it must be presumed to have been introduced without objection on the part of the plaintiff in error. He should not be permitted to escape the just penalty of the law through defects of form, if such defects there were, which could not have prejudiced him. These considerations alone are sufficient to dispose of such an objection made for the first time in an appellate court. But we find no defect in the indictment in the respect specified. It is true, and counsel present authorities which so hold, that, in drawing an indictment for an offense, the substance of which is matter falsely sworn to, or fraud perpetrated by means of matter falsely represented, it is necessary to allege not only that such matter was false, but the pleader must go further, and allege the truth as it is in the facts. But here the gist of the offense is not the obtaining of money by means of false representations. It is a scheme to use the mails of the United States in furtherance of a purpose to defraud, and an act done to carry out the same. It was such use of the mails that the statute was intended to prevent. The fraud contemplated by the law need not necessarily be a fraud at common law or by statute. Said Mr. Justice Brewer in Durland v. United States, 161 U. S. 315, 16 Sup. Ct. 512, 40 L. Ed. 709:

"It is enough if, having devised a scheme to defraud, the defendant, with a view of executing it, deposits in the post office letters which he thinks may

assist in carrying it into effect, although, in the judgment of the jury, they may be absolutely ineffective therefor."

It is urged that the indictment is fatally defective for want of averment that the plaintiff in error intended to defraud any one. The indictment charges that the false representations were made "solely for the purpose of obtaining money, goods, and property of the said persons whom they might induce to enter into correspondence with them," and further alleges that, "by reason·thereof, certain persons named were induced to, and did, give to the plaintiff in error and his associate certain money." But it is urged that there was no allegation of an intent on·the part of the plaintiff in error to convert the money so obtained to his own use. Such an allegation was unnecessary. The indictment charged a scheme to defraud by means of false representations to be disseminated through the mails, that the scheme was carried out, that the representations were false and fraudulent, and that thereby certain named persons were induced to part with their money and give it to the plaintiff in error. The indictment thus charged all the essential elements of an offense under the statute. United States v. Bernard (C. C.) 84 Fed. 634; Kellogg v. United·States, 126 Fed. 325, 61 C. C. A. 229.

We find no error for which the judgment should be reversed. The judgment is affirmed.