## SMITH v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.    September 26, 1913.)

### No. 3,911.

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION (§ 34*)—INDORSEMENTS—MISNOMER OF OFFENSE.

   A misnomer, on the back of a good indictment and in the other records of the court of the offense charged as a violation of one statute when it is a violation of another, is not fatal to a conviction because it is the charge in the indictment only, and not that in the notation on its back, or in the other records of the court, against which the accused is called to defend himself.

   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 138–143; Dec. Dig. § 34.*]

2. CRIMINAL LAW (§§ 300, 881*)—POST OFFICE (§§ 35, 50*)—"USING MAILS TO DEFRAUD"—ELEMENTS OF OFFENSE—PLEA—INSTRUCTION.

   It is indispensable to a conviction of a crime by a jury that they find every material issue against the defendant.

   There are three essential elements of the offense described in section 5480, Revised Statutes, as amended by Act March 2, 1889, c. 393, 25 Stat. 873 (U. S. Comp. St. 1901, p. 3697): (1) That the person charged has devised a scheme or artifice to defraud; (2) that he intended to effect this scheme by opening, or intending to open, correspondence with some other person through the post office establishment, or by inciting such other person to open communication with him; and (3) that in carrying out such scheme such person must have either deposited a letter or packet in the post office, or taken or received one therefrom. A plea of not guilty denies the existence of each of these elements, and it is fatal error to charge the jury that if they find the existence of the first and third only, they may return a verdict against the defendant.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 684–686; Dec. Dig. §§ 300, 881;* Post Office, Cent. Dig. §§ 55, 87–89; Dec. Dig. §§ 35, 50.*

   Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79; McCarthy v. United States, 110 C. C. A. 518.]

In Error to the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

John N. Smith was convicted of using the mails to defraud, and brings error. Reversed and remanded.

Guy A. Miller, of Detroit, Mich. (Orville S. Franklin, of Des Moines, Iowa, on the brief), for plaintiff in error.

Marcellus L. Temple, of Osceola, Iowa, for the United States.

Before SANBORN and CARLAND, Circuit Judges, and WILLARD, District Judge.

SANBORN, Circuit Judge.   The defendant below was indicted in September, 1911, for devising a scheme to defraud by the use of the mails, and mailing a letter in execution of this scheme, in the year 1908. In 1908 this was an offense under section 5480 of the Revised Statutes as amended by Act March 2, 1889, c. 393, 25 Stat. 873 (U. S. Comp. St. 1901, p. 3697). That section was repealed; it was pro-

vided that offenses committed under it prior to January 1, 1910, might be prosecuted and punished in the same manner and with the same effect as if it had not been repealed, and section 215 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1130 [U. S. Comp. St. Supp. 1911, p. 1653]), wh.ch denounces a similar offense and prescribes a more severe punishment for it was put in force on January 1, 1910, by the act of March 4, 1909, to codify, revise and amend the Penal Laws of the United States. 35 Stat. c. 321, p. 1088; section 341, p. 1153; section 343, p. 1159; section 215, p. 1130. The record of the court below is that the grand jurors on September 20, 1911, returned an indictment against the defendant below "for violating section 215 of the Criminal Code, * * * which said indictment is in words and figures, as follows," and the indictment set forth in the record properly charges the offense to have been committed in 1908. On the back of the indictment there appears the title of the case and "Violation of Sec. 215 C. C. A True Bill. S. E. Thompson, Foreman." The bench warrant for the defendant's arrest recited that an indictment charging him "with the crime of violating the postal laws of the United States, to wit, section 215 of the Criminal Code," had been returned. The criminal code docket of the court contains, under the title of the case, the notation, "Vio. Sec. 215 Crim. Code," and in a similar place in the judge's docket are the words and figures, "Kind of Action, Vio. Sec. 215 Crim. Code." At the close of the evidence the accused moved for a directed verdict on the ground that he had been arraigned and tried for a violation of section 215 of the Criminal Code, an ex post facto law. The court denied the motion and the defendant specifies this ruling as error.

[1, 2] But he was not required to answer the notation on the back of the indictment or the statements in the record, aside from the indictment, of the nature of the offense with which he was charged. The only charge against which he was arraigned to plead or to defend was that in the indictment. That charge was plain and clear. It was that he devised a scheme to defraud to be effected by the use of the mails and deposited a letter in execution of the scheme in 1908, "contrary to the form of the statute in such case made and provided." The indictment specified no statute. The offense alleged therein was not a violation of section 215 of the Criminal Code because that section was not in force in 1908. It was a violation of section 5480 of the Revised Statutes, as amended. The accused was defended by counsel learned in the law. They and he must be presumed to have known, and we doubt not that they did know, what statute denounced the offense charged in the indictment. The sentence of the court was within the limit of punishment fixed by section 5480, as amended, and there is no merit in the specification of error here presented. The erroneous naming on the back of a good indictment for a violation of one statute and in the records of the court, of the offense charged as a violation of another statute of which it is not a violation, is not fatal to a trial and conviction under the indictment, because it is the charge in the indictment only and not that in the notation on its back or in the other records of the court against which the accused is called to defend himself.

The court instructed the jury that the defendant was charged with depositing a letter in the post office addressed to C. H. Thorley in furtherance of a scheme to defraud him out of $5,000 by falsely representing that the defendant had security in the form of certain real estate, described in a deed in evidence, to offer for the repayment of the $5,000, and that if there were such a scheme to defraud and the letter described in the indictment was deposited in the post office by the accused, duly stamped and addressed, they should return a verdict of guilty. The defendant excepted to this charge on the ground that it omitted "one of the essential elements of the crime, to wit, the intent on the part of the defendant to consummate the scheme which he had devised by opening communication through the mail, or inciting another to communicate with him through the mail," but the court made no modification of or addition to its charge although that charge nowhere mentioned such an intent, and this ruling is assigned as error.

It has been settled law, ever since the opinion of the Supreme Court in Stokes v. United States, 157 U. S. 187, 188, 15 Sup. Ct. 617, 39 L. Ed. 667, was filed in 1895, that in the prosecution of a charge of an offense under section 5480 as amended, these three essential elements must be established by the evidence beyond a reasonable doubt:

"(1) That the person charged must have devised a scheme or artifice to defraud; (2) that he must have intended to effect the scheme by opening, or intending to open, correspondence with some other person through the post office establishment, or by inciting such other person to open communication with him; (3) and that in carrying out such scheme such person must have either deposited a letter or packet in the post office, or taken or received one therefrom." Erbaugh v. United States, 173 Fed. 433, 435, 97 C. C. A. 663, 665; Ewing v. United States, 136 Fed. 53, 54, 69 C. C. A. 61, 62; Brown v. United States, 143 Fed. 60, 62, 65, 74 C. C. A. 214, 216, 219; Rumble v. United States, 143 Fed. 772, 776, 75 C. C. A. 30, 34.

The defendant's plea of not guilty denied the existence of each element of the offense with which he was charged. The instruction of the court was that if the jury found the existence of the first and third elements of the offense, they might return a verdict of guilty against him, and when counsel for the accused, by their exception, called the attention of the court to the fact that it had by its charge omitted to require the jury to find the existence of the second element of the offense as a condition of a verdict of guilty, the court remained silent and left the jury to condemn the accused upon the existence of the first and third elements only. There is no doubt that this error was inadvertent, but it was as fatal to the defendant as though it had been intentional, for it resulted in his conviction without a finding by the jury upon the crucial issue whether or not he intended to effect his scheme to defraud by opening, or intending to open, correspondence with some other person through the post office establishment, or by inciting such other person to open communication with him. The judgment must accordingly be reversed, and the case must be remanded to the court below, with directions to grant a new trial.

It is so ordered.