### WEEBER v. UNITED STATES.

#### (Circuit Court, D. Colorado. June 15, 1894.)

#### No. 2,657.

POST OFFICE—USE OF MAILS TO DEFRAUD—INDICTMENT.

In an indictment under Rev. St. § 5480, as amended by Act March 2, 1889, for sending by mail a letter in execution of a scheme to defraud, it is sufficient to allege facts showing that defendant, having devised a scheme to defraud, in the execution of that scheme, and as a necessary or convenient step therein, transmitted through the post office a letter used, or designed to be used, to carry that scheme into effect. It is immaterial that such use of the mails did not result as intended, and was not likely so to result, or that it was only one step in a series of acts intended to accomplish the fraudulent scheme.

In Error to the District Court of the United States for the District of Colorado.

This was an indictment against William J. Weeber for sending through the mail a letter in execution of a scheme to defraud. Defendant was convicted, and brought error.

Charles D. May, for plaintiff in error.
H. V. Johnson, U. S. Dist. Atty.

Before BREWER, Circuit Justice, and CALDWELL and SANBORN, Circuit Judges.

BREWER, Circuit Justice. Section 5480, Rev. St., as amended by the act of March 2, 1889 (25 Stat. 873), so far as is material, provides that:

"If any person having devised or intending to devise any scheme or artifice to defraud * * * to be effected by either opening or intending to open correspondence or communication with any person whether resident within or outside the United States, by means of the post office establishment of the United States, or by inciting such other person or any person to open communication with the person so devising or intending, shall in and for executing such scheme or artifice or attempting to do so, place or cause to be placed any letter * * * in any post office * * * to be sent or delivered

by the said post office establishment, or shall take or receive any such therefrom, such person so misusing the post office establishment shall upon conviction," etc.

Congress has power to provide what shall be carried in the mails, and for what purpose the post office shall be used, and to punish any one for a violation of its provisions in respect thereto. Ex parte Jackson, 96 U. S. 727; In re Rapier, 143 U. S. 110, 12 Sup. Ct. 374.

The indictment before us charges a scheme to defraud, to be effected by means of a correspondence through the post office establishment, and that in executing such scheme the defendant placed a letter in the post office, and subsequently received it therefrom. The scheme, briefly stated, is this: Stephens was not in fact indebted to Kearney. Kearney pretended to have a claim against Stephens, and placed it in defendant's hands for collection. A suit was pending in the federal court by the United States against Stephens et al. for the recovery of moneys alleged to be due for lumber taken off government lands. The defendant caused to be passed through the mails a letter purporting to be from the United States district attorney to himself, in reference to the furnishing of testimony tending to show Stephens liable to the government, and then caused the letter thus passing through the post office to be sent, by one apparently a stranger, to Stephens, the intention and expectation being that thereby Stephens would be frightened—blackmailed—into paying the claim of Kearney, in defendant's hands for collection, in order to prevent any disclosures by defendant to the United States district attorney. Now, that the post office was used to carry this letter; that the defendant was the one who thus used the post office for the transmission of the letter,—is plainly alleged. That there was a scheme or artifice to defraud is charged, and, indeed, is obvious. The allegation is specific that defendant intended and expected, by this scheme, to compel Stephens to pay this claim of Kearney, which claim was fictitious and fraudulent. There is charged a wrongful use of the mails,—a purpose of defrauding Stephens,—and that this use of the mails was to aid in carrying into effect that scheme or artifice of defendant. That it did not result as intended—that it did not frighten or compel Stephens to pay the claim—is immaterial. That it was uncertain, even exceedingly doubtful, whether Stephens or any other man would be frightened by such a scheme, is also immaterial. The criminality of the defendant does not rest upon the probabilities of the success of a scheme, or upon the fact of success, nor is it avoided by the fact that the act of using the mails is only one step in a series of acts intended to accomplish the fraudulent scheme. It is enough that the defendant, having devised a scheme to defraud, in the execution of that scheme, and as a necessary or convenient step in the execution thereof, transmits through the post office a letter used, or designed to be used, for the purpose of carrying that scheme into effect. I think the indictment is sufficient.

CALDWELL, Circuit Judge. I submitted the record and briefs in this case to Mr. Justice BREWER, who gave the same a patient and careful examination, and his views are expressed in the foregoing

opinion.  Circuit Judge SANBORN and myself had previously arrived at the same conclusion.

The other assignments of error have been carefully examined and considered, and found to be without merit.

The result is that the judgment of the lower court must be affirmed.