UNITED STATES v. RYAN et al.

(District Court, E. D. Arkansas.   July 3, 1903.)

No. 2,421.

**1.** POST OFFICE—USING MAILS TO DEFRAUD—ELEMENTS OF OFFENSE.

Where the mails are used by persons who have devised a scheme to defraud, and as a part of the means for carrying out such scheme, an offense is committed under Rev. St. § 5480, as amended by Act March 2, 1889, c. 393, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696], and it is immaterial to whom the letter was addressed or by whom mailed.

**2.** SAME.

The sending through the mails, by persons who have entered into a conspiracy to defraud, of letters to each other, not intended to be shown to the intended victims, or otherwise used in carrying out the fraudulent scheme, but merely for the purpose of giving or asking information as to the acts of the different parties to the conspiracy, and to keep each other informed as to its progress, does not constitute an offense under Rev. St. § 5480, as amended by Act March 2, 1889, c. 393, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696].

**3.** SAME.

The gist of the offense under the statute is the use of the mails as a material part of carrying out the scheme to defraud.

On Demurrer to Indictment for Violation of Postal Laws.

W. G. Whipple, U. S. Atty.

J. B. Wood and George W. Murphy, for defendants.

TRIEBER, District Judge.   The defendants demur to the indictment in this case, in which they are charged in five counts with violations of section 5480, Rev. St., as amended by Act March 2, 1889, c. 393, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696], for using the mails for a scheme to defraud.

The only use of the mails charged in the indictment is that the defendants, for the purpose of defrauding certain parties named in the indictment and others unknown to the grand jury, made use of the mails, by some of the defendants sending letters through the post office to another of the defendants, one R. H. Williams, in which they advise him of the progress of the conspiracy.   The scheme to defraud, which is fully set out in the indictment, consisted of an intent to induce persons to come to Hot Springs, Ark., and bet large sums of money on foot races, which were to be run fraudulently, the racer on whom the proposed victim was to be induced to bet to lose the race.   The schemes are what is known, in the parlance of the "underground world," as "fake foot races."   The letters sent through the mails were neither addressed to nor intended to be shown to any of the victims of the proposed fraud, but were all addressed to the defendant Williams, who was then at Hot Springs, Ark., for the purpose of keeping him advised of the progress made by the other defendants, who were scattered at different places throughout the United States, engaged in finding men of means who could be induced to visit Hot Springs and

¶ 1. See Post Office, vol. 40, Cent. Dig. § 55.

¶ 2. Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.

there be defrauded by him. The letter set out in the first count was written by the defendant Kiplinger, asking Williams "whether he is prepared to do business there. If so, he knew two parties whom he hopes to be able to land." The letter described in the second count is from the defendant Stanley, asking "whether the store is open. If so, I have got some produce to consign." In the third count the letter was from another defendant, in which he advises Williams that "he will be in Hot Springs on Sunday morning with the goods, a brother Elk." In the fifth count the letter is from the defendant Teller, informing him "that I have the promise of five thousand dollars soon to ship, and want the railroad tickets for them."

The language of the statute, so far as it is material in this case, is as follows:

"If any person having devised or intending to devise any scheme or artifice to defraud * * * to be effected by either opening or intending to open correspondence or communication with any person whether resident within or outside the United States, by means of the post office establishment of the United States, or by inciting such other person or any person to open communication with a person so devising or intending, shall in and for executing such scheme or artifice or attempting to do so, place or cause to be placed any letter * * * in any post office * * * to be sent or delivered by the said post office establishment, or shall take or receive any such therefrom, such person so misusing the post office establishment shall upon conviction," etc.

The contention of counsel for the defendants is that, in order to justify an indictment under the statute, it must appear that the letters sent through the mails were addressed to or received by the person intended by the defendants to be defrauded, and that the scheme to defraud was to be effected, in part at least, by the use of the mails. Counsel rely on Stokes v. United States, 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667, where the court say:

"We agree with the defendant that three matters of fact must be charged in the indictment and established by the evidence: (1) That the persons charged must have devised a scheme or artifice to defraud; (2) that they must have intended to effect this scheme by opening or intending to open correspondence with some other person through the post office establishment, or by inciting such other person to open communication with them; (3) and that, in carrying out such scheme, such person must have either deposited a letter or packet in the post office, or taken or received one therefrom." 157 U. S. 188, 189 [15 Sup. Ct. 618, 39 L. Ed. 667].

As the facts of that case showed that the correspondence was with the person sought to be defrauded, it was unnecessary for the court to determine that question, and a reference to the opinion will show that it was not discussed by the court, but assumed to be the law. This also applies to Horman v. United States, 53 C. C. A. 570, 116 Fed. 350. On the other hand, the identical question was before the court in Weeber v. United States (C. C.) 62 Fed. 740, and it was there held that, if the mails were actually used and were a part of the scheme devised by the defendants to carry out the fraud, it is immaterial to whom the letter was addressed or by whom mailed. It is true this was a decision by a Circuit Court, but, as three such eminent judges as Justice Brewer and Circuit Judges Caldwell and Sanborn participated in the decision of that case, all the judges concurring, it is en-

titled to the highest consideration, practically the same as if it had been the opinion of the United States Circuit Court of Appeals for this circuit.

The object of the law is to prevent the use of the mails for schemes to defraud, and whenever the scheme is intended by the parties to be consummated in part by the use of the mails, and was so intended when conceived or when carried into execution, it is wholly immaterial to whom the letter was addressed, or by whom it was deposited in the post office. In my opinion, the gist of the offense under the statute is the use of the mails necessarily intended as a material part of the scheme to defraud. Do the letters set out in the indictment, or any of them, show that they were in any way necessary or intended by the parties as a part necessary to carry out the fraudulent scheme contemplated by them? A mere glance at the contents of the letters, which have been hereinbefore fully set out, shows that they were no part of the fraudulent scheme. They were not, as was the case in Weeber v. United States, supra, sent through the mails in order to be used in carrying out the fraudulent scheme, nor were they intended to be shown to the intended victims for that purpose. They were simply intended to keep the defendants themselves informed as to the acts and progress made by the different members to the conspiracy. This is not sufficient to bring the acts within the meaning of the statute. Horman v. United States, 53 C. C. A. 570, 116 Fed. 350; United States v. Long (D. C.) 68 Fed. 348; Stewart v. United States, 119 Fed. 89, 55 C. C. A. 641. The letters set out in the indictment merely show that the defendants used the mails for the purpose of concocting schemes to defraud, but not for the purpose of carrying them into effect, nor were they written to be used as a part of the fraudulent scheme. That Congress has the constitutional power to prohibit the use of the mails for such criminal purposes cannot be doubted, but, unfortunately, it has so far failed to exercise it, and, until it does, the courts are powerless to interfere.

The demurrer to the indictment is sustained.