## BROWN et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. January 19, 1906.)

No. 2,206.

1. POST OFFICE—UNITED STATES MAILS—SCHEME TO DEFRAUD—STATUTE—CONSTRUCTION.

Section 5480, Rev. St., as amended March 2, 1889, 25 Stat. 873, c. 393 [U. S. Comp. St. 1901, p. 3696], makes three matters of fact essential elements of the offense prescribed: (1) The accused must have devised or intended to devise a scheme or artifice to defraud. (2) He must have intended to effect the scheme or artifice by opening correspondence or communication with some person through the mail, or by inciting some person to open communication with him through the mail. (3) In and for executing the scheme or artifice, or attempting so to do, he must have either deposited a letter or other communication in the post office for transmission and delivery, or taken or received one therefrom.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Post Office, § 55.]

2. SAME—EXTENT OF INTENDED USE OF THE MAILS.

The statute includes any scheme or artifice to defraud in effecting which it is designed to use the post office establishment as an instrument or channel of communication, whether that be the sole or only part of the means to be employed in effecting it.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Post Office, § 55.]

3. SAME—INDICTMENT—REQUISITE AVERMENTS.

An indictment which states the essential elements of this offense, not merely in the general words of the statute, but with such reasonable particularity of act, intent, time, place, and circumstances as will, in view of the presumed innocence of the accused, apprise him with reasonable certainty of the nature of the accusation, to the end that he may prepare his defense, as will enable him to plead his conviction or ac-

quittal as a bar to a subsequent prosecution for the same offense, and as will enable the court to say that the facts stated are sufficient in law to support a conviction, satisfies the rules of criminal pleading; otherwise it is insufficient.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Indictment and Information, § 193; vol. 40, Cent. Dig. Post Office, § 72.]

4. INDICTMENT AND INFORMATION—ULTIMATE MATTERS OF FACT, NOT EVIDENCE, TO BE STATED.

An indictment is not required to set forth matters of evidence, but only ultimate matters of fact.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Indictment and Information, §§ 185, 187.]

5. CRIMINAL LAW—JOINT TRIAL OF SEPARATE INDICTMENTS.

Separate indictments against the same defendant may, in the discretion of the court and independently of any statute upon the subject, be tried together to avoid unnecessary delay and expense, in the interest of both the government and the accused, when the latter is not thereby confounded in his defense or otherwise prejudiced.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 1376.]

6. SAME—SECTION 5480, REV. ST., CONSTRUED.

The provision of section 5480, Rev. St. [U. S. Comp. St. 1901, p. 3696]. which limits the offenses which may be charged in a single indictment to the number of three and to such as may have been committed within the same six calendaɪ months, does not prohibit a joint trial, as a matter of expedition and economy, of separate indictments charging in the aggregate more than three offenses covering a period of more than six months, where the defendant is accorded all the rights to which he would be entitled if the indictments were tried separately.

(Syllabus by the Court.)

In Error to the District Court of the United States for the Western District of Missouri.

Edward P. Sanborn (Eɪɪmet H. Gamble and Clyde Taylor, on the brief), for plaintiffs in error.

A. S. Van Valkenburgh, U. S. Atty.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

VAN DEVANTER, Circuit Judge. Albert H. Brown, Joseph Ricker, Charles L. Ricker, and Thomas Evans, otherwise called William Marvin, were jointly charged in three indictments with having deposited certain letters in the mail in the execution of a scheme or artifice to defraud. Each indictment originally contained three counts, each charging the mailing of a separate letter. Two counts, one in the first indictment and one in the second, were eliminated by a nolle prosequi, and may be desregarded. The second and third indictments related to the same scheme or artifice, and the first related to a scheme or artifice which differed from that described in the other two only in respect of some of its minor details. Both were alleged to have been designed to accomplish the same result and to have been devised on the same day. Each indictment was confined to charging offenses committed within the same six calendar months, but the three indictments, taken together, charged offenses covering a period of more

than six months. Over the objections of the defendants, the three indictments were tried together. A separate verdict of guilty was returned on each of the seven counts and a single and separate sentence was given for the offenses charged in each indictment. The sufficiency of the indictments was questioned by demurrers addressed to each count, and by motions in arrest of judgment, which were overruled. No part of the evidence, or of the charge to the jury, and none of the rulings in the course of the trial have been preserved, and the only questions now sought to be presented are: Do the indictments sufficiently charge violations of the statute, and were they improperly tried together?

Section 5480 of the Revised Statutes, as amended March 2, 1889, c. 393, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696], so far as it is here material reads as follows:

"If any person, having devised or intending to devise any scheme or artifice to defraud * * * to be effected by either opening or intending to open correspondence or communication with any person, * * * by means of the post office establishment of the United States, or by inciting such other person or any person to open communication with the person so devising or intending, shall in and for executing such scheme or artifice or attempting so to do, place or cause to be placed, any letter, packet, writing, circular, pamphlet or advertisement in any post office, branch post office, or street or hotel letter-box of the United States, to be sent or delivered by the said post office establishment, or shall take or receive any such therefrom, such person so misusing the post office establishment shall, upon conviction, be punishable * * *. The indictment, information, or complaint may severally charge offenses to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence, and shall proportion the punishment especially to the degree in which the abuse of the post office establishment enters as an instrument into such fraudulent scheme and device."

Three matters of fact are thus made essential elements of the offense: (1) The person charged must have devised or intended to devise a scheme or artifice to defraud. (2) He must have intended to effect the scheme or artifice by opening correspondence or communication with some person through the mail, or by inciting some person to open communication with him through the mail. (3) In and for executing the scheme or artifice, or attempting so to do, he must have either deposited a letter or other communication in the post office for transmission and delivery, or taken or received one therefrom. If an indictment states these matters of fact, not merely in the general words of the statute, but with such reasonable particularity of act, intent, time, place, and circumstances as will, in view of the presumed innocence of the accused, apprise him, with reasonable certainty, of the nature of the accusation, to the end that he may prepare his defense, as will enable him to plead his conviction or acquittal as a bar to any subsequent prosecution for the same offense, and as will enable the court to say that the facts stated are sufficient in law to support a conviction, it satisfies the rules of criminal pleading; otherwise it is insufficient. United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516; Stokes v. United States, 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667; Miller v. United States, 66 C. C. A. 399, 133 Fed. 337. But it is to be borne in mind

that what is required is reasonable, not absolute or impracticable, particularity of statement; else the rules of criminal pleading will be deflected from their true purpose, which is to secure the conviction of the guilty, as well as to shield the innocent. Evans v. United States, 153 U. S. 584, 590, 14 Sup. Ct. 934, 38 L. Ed. 830; Cochran v. United States, 157 U. S. 286, 290, 15 Sup. Ct. 628, 39 L. Ed. 704; Durland v. United States, 161 U. S. 306, 314, 315, 16 Sup. Ct. 508, 40 L. Ed. 709. It is also to be borne in mind that a defect in matter of substance is fatal, while a defect in matter of form only—and this includes the manner of stating a fact—which does not tend to the prejudice of the accused, is immaterial. Rev. St. § 1025 [U. S. Comp. St. 1901, p. 720]; Dunbar v. United States, 156 U. S. 185, 192, 15 Sup. Ct. 325, 39 L. Ed. 390; Rosen v. United States, 161 U. S. 29, 32, 16 Sup. Ct. 434, 40 L. Ed. 606; United States v. Clark (C. C.) 37 Fed. 106; United States v. Rhodes (C. C.) 30 Fed. 431, 434.

With these observations, we proceed to consider the sufficiency of the indictments. They are long, not entirely grammatical and seem to have been hastily prepared, but when each count is considered in its entirety, its allegations and meaning are made clear to the common understanding. Briefly stated, the charge is that the defendants "had devised a scheme and artifice to defraud divers and sundry persons, to wit, the public generally, to be effected by opening and intending to open correspondence and communication with such persons by means of the post office establishment of the United States, and by inciting such person to open communication with them * * * by means of the said post office establishment;" that the substance of the scheme and artifice was this: One of the defendants was to insert in divers and sundry newspapers advertisements notifying country merchants and the public generally that he had for trade at Kansas City, Mo., a desirable country stock of general merchandise "and inviting correspondence" with a view to bringing about a trade of the same; that "upon receiving inquiries" from such persons "as might read the advertisements" he "was to enter into correspondence" with them "by means of the post office establishment of the United States" to induce them to come to Kansas City for the purpose of trading for the stock of merchandise so advertised; that, by means of certain described false and fraudulent representations on the part of the defendants, the persons so induced to enter into these negotiations were then to be induced to trade for the stock of merchandise, and to pay to the defendants a large sum of money in part payment therefor, in the belief, induced by such false and fraudulent representations, that the character and value of the stock of merchandise, which was the subject of the negotiations and trade, were as they were represented to be by the defendants, when in truth the defendants intended to deliver to such persons, as the property for which they had traded, a stock of merchandise the character and value of which were different from and much inferior to what they were represented to be by the defendants, and that the defendants "in and for executing" such scheme and artifice "and attempting so to do," placed in the post office of the United States at Kansas City, Mo., to be sent

and delivered by the post office establishment, a certain letter, the address upon which and the contents of which were fully set forth.

With respect to the first element of the offense, that of having devised a scheme or artifice to defraud, we deem it sufficient to say we have experienced no difficulty in arriving at the conclusion that it is adequately stated.

With respect to the second element, that of the intent to effect the scheme or artifice by use of the mail, it is objected that it is stated only indirectly, and that the statement is defective in substance because the statute uses the word "effected" in the sense of "consummated" or "carried to completion" and therefore does not include schemes or artifices in which it is designed to use the mail only as a channel of communication in inducing the intended victim to come to the place where he is to be defrauded. Neither objection can be sustained. As has been shown, the indictments first charge, in the language of the statute, that the defendants had devised a scheme and artifice to defraud, "to be effected" by use of the mail, and then, in describing the scheme or artifice, further charge that, as part thereof, one of the defendants, after advertising the purpose to trade the stock of merchandise and eliciting inquiries respecting the same, "was to enter into correspondence * * * by means of the post office establishment" with those making such inquiries for the purpose of inducing them to come to Kansas City, to the end that they might be there defrauded. This constitutes a sufficiently direct statement of the intent to use the mail as an instrument in effecting the scheme or artifice. Stokes v. United States, 157 U. S. 187, 190, 15 Sup. Ct. 617, 39 L. Ed. 667; Miller v. United States, 66 C. C. A. 399, 407, 133 Fed. 337, 345; Ewing v. United States (C. C. A.) 136 Fed. 53. While the word "effected" ordinarily has the meaning of "consummated" or "carried to completion," the statute does not say, "to be effected solely by means of the mail" or "to be effected by communication carried on solely by means of the mail," but, "to be effected by either opening or intending to open correspondence or communication with any person * * * by means of the post office establishment of the United States, or by inciting such other person or any person to open communication." As it is impossible to conceive of a scheme or artifice which can be consummated or carried to completion by merely "opening" correspondence by means of the mail, or by "inciting" another to do so, the necessary purport of this language is that the second element of the offense consists in the intent to use the mail as a channel of communication in effecting the scheme or artifice; that is, as a means, although not the sole means, of effecting it. That this is so is also indicated by the further provision that the punishment shall be proportioned "to the degree in which the abuse of the post office establishment enters as an instrument into such fraudulent scheme and device." And in addition to the significance of the language of the statute, some regard may be properly had for the fact that the schemes or artifices to defraud which are consummated or carried to completion solely by correspondence through the mail are altogether exceptional, while

those in which use of the mail as a channel of communication is only part of the means employed in effecting them are of more frequent occurrence. Both involve use of the mail in the execution of a purpose to defraud, which is the evil sought to be remedied. Of course a penal statute is not to be enlarged by implication or extended to cases not plainly within its words and purport, but it is to be sensibly construed and given such reasonable operation, within its words and purport, as will render it of value in suppressing the evil at which it is directed. United States v. Lacher, 134 U. S. 624, 628, 10 Sup. Ct. 625, 33 L. Ed. 1080; Johnson v. Southern Pacific Co., 196 U. S. 1, 17, 25 Sup. Ct. 158, 49 L. Ed. 363. These considerations enforce the conclusion that the statute includes any scheme or artifice to defraud in effecting which it is designed to use the post office establishment as a channel of communication, whether that be the sole or only part of the means to be employed in effecting it. In Stokes v. United States, 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667; Durland v. United States, 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709; and Miller v. United States, 66 C. C. A. 399, 133 Fed. 337, the statute was so applied without any discussion of the question; and in Weeber v. United States (C. C.) 62 Fed. 740, it was held that criminality under the statute is not "avoided by the fact that the act of using the mail is only one step in a series of acts intended to accomplish the fraudulent scheme."

With respect to the third element of the offense, it is objected that there is a failure to state the requisite facts to sustain the charge that the letter placed in the post office was placed there in executing or attempting to execute the particular scheme or artifice described, and also that the charge is only indirectly made. Because it is alleged that one of the defendants was to insert in divers and sundry newspapers advertisements giving notice of the purpose to trade a stock of merchandise and inviting correspondence in that connection, and, "upon receiving inquiries" from such persons "as might read the advertisements," was to enter into correspondence with them to induce them to come to Kansas City for the purpose of making a trade, it is argued that the scheme or artifice was limited to persons who should read the advertisements and make inquiries, and that to make the charge respecting the mailing of the letter complete it should be stated that the contemplated advertisements were inserted in the newspapers and that the letter was addressed to one who had read the advertisements and had made inquiry about the proposed trade. The argument is too technical and disregards the rule that an indictment is not required to set forth matters of evidence, but only ultimate matters of fact. As before shown, the charge is, not merely that the letter was placed in the post office for transmission and delivery, but that this was done "in and for executing" the scheme and artifice described "and attempting so to do." This is a statement of the ultimate fact in terms which are sufficiently direct.

The demurrers to the indictments and the motions in arrest of judgment were properly overruled.

Was there error in trying the three indictments together over the

143 F.—5

defendants' objections? The contention that there was rests primarily on the concluding portion of the statute before cited, which declares:

"The indictment, information, or complaint may severally charge offenses to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence, and shall proportion the punishment especially to the degree in which the abuse of the post office establishment enters as an instrument into such fraudulent scheme and device."

This by necessary implication limits the offenses which may be joined in one indictment to three in number, and to such as may have been committed within the same six calendar months. The indictments severally conformed to this limitation, but in the aggregate charged seven offenses covering a period of more than six months, so the question arises whether the order under which they were tried together in effect merged and blended them into a single indictment and thus violated the statute. We think not, although it must be conceded that the question is not free from difficulty. The defendants take the position that the indictments were consolidated within the meaning of section 1024 of the Revised Statutes [U. S. Comp. St. 1901, p. 720], and confidently rely upon the cases of Ex parte Henry, 123 U. S. 372, 8 Sup. Ct. 142, 31 L. Ed. 174; McElroy v. United States, 164 U. S. 76, 17 Sup. Ct. 31, 41 L. Ed. 355, Bass v. United States, 20 App. D. C. 239, Turner v. United States, 13 C. C. A. 436, 441, 66 Fed. 280, 285, and Porter v. United States, 33 C. C. A. 652, 654, 91 Fed. 494, as establishing that the consolidation put all the counts in the three indictments "in the same category as if they were separate counts of one indictment," while the government takes the position that the indictments were not consolidated but were merely tried together as a matter of expedition and economy, and with equal confidence relies upon the cases of In re De Bara, 179 U. S. 316, 320, 21 Sup. Ct. 110, 45 L. Ed. 207; In re Haynes (C. C.) 30 Fed. 767, 769, 771; Howard v. United States, 21 C. C. A. 586, 596, 75 Fed. 986, 996, 34 L. R. A. 509; Betts v. United States, 65 C. C. A. 452, 458, 132 Fed. 228, 234; Hanley v. United States, 59 C. C. A. 153, 123 Fed. 849, Id., 62 C. C. A. 561, 127 Fed. 929, Id., 194 U. S. 634, 24 Sup. Ct. 858, 48 L. Ed. 1160; and Mutual Life Insurance Co. v. Hillmon, 145 U. S. 285, 293, 12 Sup. Ct. 909, 36 L. Ed. 706, as establishing that the "cases did not thereby lose their identity or consequences." It will not be necessary to enter into a statement of what has been decided in these cases respecting the effect of a consolidation under section 1024, because the record in the present case does not show that the indictments were intended to be or were in truth consolidated within the meaning of that section, but rather that they were merely tried together as separate indictments to avoid unnecessary delay and expense, in the interest of both the government and the defendants. It does not appear and is not claimed that the defendants were deprived of any right by way of challenge or otherwise to which they would have been entitled if the indictments had been tried separately. The court was invested with a discretion to direct that the indictments be thus tried together inde-

pendently of any statute upon the subject (Logan v. United States, 144 U. S. 263, 306, 12 Sup. Ct. 617, 36 L. Ed. 429), and this discretion was not affected by the limitation in section 5480 because it has reference to the joinder of offenses in such manner as will upon the trial restrict the rights of the defendant to what they would be if he were being tried for a single offense, and not to a joint trial of separate indictments in which the defendant is accorded all the rights to which he would be entitled if the indictments were tried separately. Of course the authority to direct that separate indictments be tried together should be exercised with caution lest the defendant be confounded in his defense or otherwise prejudiced thereby, and if at any time in the course of such a trial it is discovered that it tends to prejudice any substantial right of the defendant the court should compel the prosecutor to elect upon which indictment he will proceed. Pointer v. United States, 151 U. S. 396, 403, 14 Sup. Ct. 410, 38 L. Ed. 208. But there is nothing to indicate that the defendants were confounded in their defense or otherwise prejudiced in this instance. The indictments indicated that the schemes to defraud were devised on the same day, that they were almost identical, that the work of carrying them into effect was begun shortly after they were devised and that the letters set forth were all mailed at the same post office within 14 months thereafter. The offenses appeared to be so closely connected in respect to inception, time, place and subject as to justify the belief that proof of those charged in one indictment would almost necessarily bear upon those charged in the others. No part of the evidence has been preserved and the presumption is that the situation disclosed by it was not different from that indicated on the face of the indictments. In these circumstances it cannot be said that there was any error or abuse of discretion in trying the indictments together.

The judgments are affirmed.