UNITED STATES v. SMITH.

(District Court, N. D. Iowa, W. D. February 3, 1909.)

No. 1,220.

1. POST OFFICE (§ 35*)—MISUSE OF MAILS—SCHEME TO DEFRAUD—STATUTES.

Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), provides that if any person having devised or intended to devise any scheme or artifice to defraud, to be effected by either opening or intending to open correspondence or communication with any person by means of the post office es-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tablishment of the United States, or by inciting such other person or any person to open communication, and the person so devising or intending shall, in and for executing such scheme or artifice, or attempting so to do, place, or cause to be placed, any letter, circular, pamphlet, advertisement, etc., in any post office of the United States to be delivered by said post office establishment or shall take or receive any such therefrom, such person shall upon conviction be punished, etc. *Held*, that in order to constitute an offense under such section the person charged must have devised some scheme or artifice to defraud, must have intended to effect such scheme or artifice by opening or intending to open such correspondence with some other person or persons through the United States post office or by inciting some other person to so open communication with him, and in executing such scheme or attempting to do so he must either have placed in a post office of the United States a letter, circular, or advertisement, or received one therefrom.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. § 35.*]

2. POST OFFICE (§ 48*)—MISUSE OF MAILS—SCHEME TO DEFRAUD—INDICTMENT.

An indictment alleged that defendant by advertisements sought to bring the alleged business of the Globe Realty Company, a pretended real estate agent, to the attention of persons who had real estate to sell, intending to procure them to list the same with such company, which had no existence except as a name under which defendant did business, for the purpose of procuring them to pay for advertising their real estate whether a sale was made or not; that defendant intended to make no efforts toward such sale; that he intended to execute such scheme by the use of the post office establishment of the United States, and in so doing deposited a letter and circular addressed to D. to induce him to sign a contract in accordance with such scheme. *Held*, that such indictment stated an offense for violation of Rev. St. § 5480 (U. S. Comp. St. 1901, p. 3696), prohibiting the use of the post office in the furtherance of a scheme to defraud, and was not demurrable because it did not allege that the acts charged were willfully and unlawfully done.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. § 48.*]

3. POST OFFICE (§ 48*)—MISUSE OF MAILS—SCHEME TO DEFRAUD—INDICTMENT —EXHIBITS.

Where an indictment for misuse of the mails in furtherance of a scheme to defraud charged that such scheme was to be accomplished by means of circulars and newspapers circulated in Iowa and elsewhere, it was not demurrable for failure to set out such advertisements.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. § 48.*]

F. F. Faville, U. S. Atty.
Shull, Farnsworth & Sammis, for defendant.

REED, District Judge. The indictment is in three counts, and each charges the defendant with having devised a scheme or artifice to defraud, to be effected by means of the post office establishment of the United States, in violation of section 5480 (U S. Comp. St. 1901, p. 3696) of the Revised Statutes of the United States. That section as amended, so far as necessary to be now considered, provides that:

"If any person having devised, or intending to devise any scheme or artifice to defraud, * * * to be effected by either opening or intending to open correspondence or communication with any person, * * * by means of the post office establishment of the United States, or by inciting such other person or any person, to open communication with the person so devising or

intending, shall, in and for executing such scheme or artifice, or attempting so to do, place, or cause to be placed, any letter, circular, pamphlet, advertisement, etc., * * * in any post office, * * * of the United States to be sent or delivered by said post office establishment or, shall take or receive any such therefrom, * * * such person * * * shall upon conviction be punished. * * * "

This section forbids under the penalty prescribed the use of the post office establishment for any of the purposes therein stated, and three essentials are necessary to be charged in any indictment thereunder, viz.: That the person charged (1) must have devised some scheme or artifice to defraud; (2) that he intended to effect such scheme or artifice by opening, or intending to open, correspondence with some other person or persons through the United States post office, or by inciting some other person to so open communication with him; and (3) that in executing such scheme, or in attempting to do so, he either placed in a post office of the United States a letter, circular, or advertisement, or received one therefrom. Stokes v. United States, 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667; Durland v. United States, 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709; Brown v. United States, 143 Fed. 60, 74 C. C. A. 214. The objection to the indictment is that it does not charge any offense denounced by the section as above set out.

Count 1 of the indictment in effect charges that the defendant, William C. Smith, pretending under and by the style and name of the Globe Realty Company of Sioux City, Iowa, to be engaged in the selling of real estate on commission, had devised a certain scheme and artifice to defraud one C. A. Duntz, and various other persons whose names are to the grand jurors unknown, of large sums of money, to be effected by intending to open and opening correspondence and communication with said C. A. Duntz, and said other persons to the grand jurors unknown, by means of the post office establishment of the United States, which said scheme and artifice is in substance and effect as follows; that the defendant at Sioux City, Iowa, by advertisements in divers circulars, letters, and newspapers circulating in the northern district of Iowa and elsewhere in the United States, devised and schemed to bring the alleged business of said Globe Realty Company as a pretended real estate agent to the attention of persons whom he supposed, by reason of the terms of said advertisement, would be led to correspond with him, the said defendant; and having thus attracted their attention, and obtained responses and inquiries from them through the United States mails, to consummate such scheme represented to such persons by advertisement, letters, circulars, and communications that the Globe Realty Company was a company engaged in carrying on a real estate business at Sioux City, Iowa, by listing and selling lands on commission, and charged a commission for its services in procuring purchasers and selling said property only in the event that said property was sold by said Globe Realty Company, and sent to said persons so communicating with him a certain application or instrument in writing for the purpose of inducing them to sign and return the same to the Globe Realty Company, and cause them to believe that, if they signed and returned the same to the said Globe Realty

Company, it would authorize said company to sell the property of the persons signing the same, and obligate them to pay to said Globe Realty Company the commission provided for in said written instrument only in the event that the said Globe Realty Company should sell the property of the person signing said instrument, whereas, in truth and fact, there was no such firm, company, or corporation as the Globe Realty Company of Sioux City, Iowa, but that defendant alone used the name of said company in carrying on said scheme; that said Globe Realty Company was not engaged in the real estate business, and that said company or the defendant did not intend to sell the real estate or other property of the persons who should answer said advertisements or enter into communication with said Globe Realty Company or sign said written instruments, but, on the contrary, said defendant intended by said means to fraudulently obtain from the various persons who should answer said advertisements and communicate with said Globe Realty Company the signatures of said parties to, and the delivery by them to the defendant, of a written instrument which should provide, in substance, that the party signing the same should pay to the said Globe Realty Company of Sioux City, Iowa, a definite sum for advertising the property of the persons signing said instrument, whether the property was sold by the said Globe Realty Company or not; that defendant fraudulently intended that said scheme or artifice should be effected by opening correspondence and communication with said C. A. Duntz and various other persons to the grand jurors unknown through the post office establishment of the United States, and by inciting said C. A. Duntz and said various other persons to open communication with the defendant under the name and style of said Globe Realty Company of Sioux City, Iowa, by means of the post office establishment of the United States; that the defendants so having devised said scheme and artifice, in and for executing the same and attempting so to do, did on or about the 6th day of November, 1907, unlawfully deposit or cause to be deposited in the post office at Sioux City, Iowa, for mailing and delivery, through said post office, a certain writing in words and figures as follows, to wit:

Please fill out this blank, as we desire description in this form for quick reference.

Globe Realty Co., Sioux City, Iowa.          Date:  ............., 190...

Gentlemen:  Try to find me a buyer for my property by including it in your ads for 3 months, or until your right to sell is sooner terminated.
(change time if desired)
(Here follow blanks for a description of the property and terms upon which the owner will sell it.)

When you perform your part of the agreement will pay you at Sioux City Iowa, fifty dollars; or if you find me an acceptable purchaser, will give you that with the excess he agrees to pay if any.  Your right to sell is terminated if I give you written notice or sell the land.

.............
Owner's name:  Write plainly.
......
Address.

And also did on or about said 6th day of November, 1907, unlawfully deposit or caused to be deposited in said post office at Sioux City, Iowa, for mailing and delivery through the post office establish-

ment of the United States, a certain letter in words and figures as follows, viz.:

Office of the Globe Realty Co., Sioux City, Iowa.          We can sell your farm, home, business, or property of any kind whereever located. For quick action write Globe Realty Co., Sioux City, Iowa.

Mr. C. A. Duntz, Ames, Iowa.          November 6, 1907.

Dear Sir: Answering your kind favor of the 4th inst., offering your farm for sale will inclose you our blank for description and listing which explains our terms and which we are sure you will find satisfactory.

Please fill out, giving particulars in detail, and return to us in the enclosed stamped envelope and we will see what we can do for you.

There would seem to be no reason why a quick deal cannot be found for you and no one is in a better position to get it than we as we are very extensive advertisers of all kinds of property in all localities and have many opportunities to make sales not enjoyed by others.

Very respectfully,          Globe Realty Co., per W. C. Smith.

This said letter and said written instrument were then and there placed in one envelope, stamped with the requisite United States postage, and addressed to the said C. A. Duntz at Ames, Iowa, contrary to the statute in such cases made and provided.

The other counts are the same, except that a different person is named in each as the person intended to be defrauded by said scheme.

It is urged in support of the demurrer that it is not alleged in the indictment that the acts charged to have been done by defendant were willfully and unlawfully done; that the blank instrument in writing inclosed to Duntz in the letter of November 6th is plain and unambiguous upon its face, and not fraudulent per se, and that it is not alleged that defendant did not intend to render the services that the instrument provided for in case it should be accepted and returned to him by the person to whom it was sent; that, inasmuch as it is not alleged that any oral representations were made, the fraud, if any exists, must appear from the letter and the writing inclosed therewith, and that they do not show any fraudulent representations by the defendant. This is a misconception of the acts charged in the indictment. If the only act charged to have been done by defendant was to send the letter of November 6th, and the blank instrument inclosed therein, through the mails, it may be that no offense would be charged by this indictment. But it fairly appears from the indictment that anterior to the mailing of this letter the defendant in various circulars and newspapers, circulating in northern Iowa and elsewhere, had advertised that a company, described as the Globe Realty Company, was engaged at Sioux City, Iowa, in the business of selling real estate and other property for others upon commission, to be charged by it only in the event that it found a purchaser for, and effected a sale of, the real estate and other property listed with it; that the purpose of such advertisement was to bring to the attention of others the Globe Realty Company as an agency through which they could sell their property upon a commission to be paid by them only in the event that a sale of their property was effected by said company, and to induce or incite such persons to open communication with said Globe Realty Company, when, if they should do so, the defendant would send to them through the

United States mails circulars, advertising the business of said company, to induce them to list their real estate or other property with that company, and cause them to believe that it could sell the property upon a commission, to be paid by them only in the event that the company effected a sale of their property. It is then alleged that there was no such company as the Globe Realty Company, that that was only a name used by the defendant as a part of the alleged scheme to defraud, and that neither such a company nor the defendant intended to sell any property that might be listed with the company; that it was only intended by defendant that after inciting persons by means of such advertisements to open communication with him to induce them, through the use of the United States mails, to execute a contract whereby they would agree to pay defendant in the name of said company a specified sum for advertising their property, whether he or the company effected a sale of it or not. That such a scheme if consummated would be a fraud upon those who might be entrapped by it cannot be doubted. But whether or not the defendant succeeded in consummating such scheme is wholly immaterial. If his purpose was to use, as it is alleged that it was, the post office establishment of the United States in attempting to carry out and effect the scheme described in the indictment, and in so attempting he deposited or caused to be deposited in a post office of the United States a letter or writing that he thought would accomplish his purpose, then he violated this section, though the letter itself might be wholly ineffective for the purpose intended. Durland v. United States, 161 U. S. 306-315, 16 Sup. Ct. 508, 40 L. Ed. 709. In fact, the scheme described was to obtain from the persons answering the advertisements a legal contract other and different from that mentioned in the circulars, letters, and advertisements. The statute is not intended to punish the obtaining of money or other property, or the signatures of others to written instruments, by false or fraudulent representations or pretenses, but is only designed to forbid the use of the United States mails in executing or attempting to execute or consummate a scheme of any sort whereby another is, or may be, defrauded.

While the acts charged against defendant in this indictment are somewhat obscured by the "abundance of words" used in describing them, it may be fairly said that each count charges (1) that defendant devised a scheme or artifice to defraud a person named, and describes with reasonable certainty the facts constituting such scheme; (2) that defendant intended to execute or consummate such scheme by the use of the post office establishment of the United States; and (3) that in attempting to do so he deposited in the post office at Sioux City, Iowa, a certain letter and writing, both of which are set out in full, intending that they should be carried and delivered by the post office establishment. The statute forbids, under the penalty prescribed therein, the use of the United States mails for such purpose; and the defendant is apprised with reasonable certainty by this indictment of the accusation which he will be required to meet upon the trial. That the indictment does not set out the advertisements contained in the circulars and newspapers circulating in Iowa and else-

where is not ground of demurrer. Durland v. United States, 161 U. S. 306–315, 16 Sup. Ct. 508, 40 L. Ed. 709, above.

The demurrer should therefore be overruled; and it is accordingly so ordered.