ERBAUGH v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   November 1, 1909.)

No. 3,053.

1. POST OFFICE (§ 35*)—FRAUDULENT USE OF MAILS—STATUTES—CONSTRUC-
   TION—INTENT TO EFFECT SCHEME BY CORRESPONDENCE WITH ONE'S SELF
   NO OFFENSE.
       One who devises a fraudulent scheme, to be effected by opening or
   intending to open a correspondence or communication with himself by
   means of the post office establishment of the United States, is guilty of
   no offense punishable under section 5480, Rev. St. U. S. (U. S. Comp. St.
   1901, p. 3696).
       A fraudulent scheme, which the deviser intends to effect by either
   opening or intending to open a correspondence or communication with
   some other person by means of the post office establishment, or by inciting
   some other person to open communication with him, is essential to the
   offense.
       [Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig.
   § 35.*]

2. STATUTES (§ 241*)—CONSTRUCTION—PENAL STATUTE INCLUDES PARTIES
   WITHIN ITS EXPRESS TERMS ONLY.
       A penal statute, which creates and prescribes the punishment for a
   new offense, must be strictly construed.
       One who was not beyond reasonable doubt by the express terms of the
   statute within the class of those punishable thereunder may not be
   brought within it after the event by interpretation.
       Ex post facto law by judicial construction is as pernicious as ex post
   facto legislation.
       [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 322-323; Dec.
   Dig. § 241.*]

(Syllabus by the Court.)

In Error to the District Court of the United States for the District
of Colorado.

Charles O. Erbaugh was convicted of using the mails to defraud, and
brings error.   Reversed and remanded.

Caesar A. Roberts and Henry J. O'Bryan, for plaintiff in error.

Ralph Hartzell, Asst. U. S. Atty., and Thomas Ward, Jr., U. S.
Atty.

Before SANBORN and VAN DEVANTER, Circuit Judges, and
WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge.   The complaint in this case is that the
defendant below was convicted and sentenced for using the mails to
defraud, in violation of section 5480 of the Revised Statutes (3 U. S.
Comp. St. 1901, p. 3696, Act June 8, 1872, c. 335, 17 Stat. 323, as
amended by Act March 2, 1889, c. 393, § 1, 25 Stat. 873).

There are many specifications of error, but the most serious one
is that the defendant's motion for arrest of judgment upon the ground
that the indictment charged no offense was denied, and he was sen-
tenced for devising a fraudulent scheme to be effected by intending to
open and opening a correspondence with himself by means of the post

office establishment, when the only offense denounced by the statute is devising a fraudulent scheme to be effected, either by opening or intending to open correspondence with some other person by means of the post office establishment, or inciting such other person to open communication with him. The statute, so far as material here, reads:

"If any person having devised or intending to devise any scheme or artifice to defraud, * * * to be effected by either opening or intending to open correspondence or communication with any person, whether resident within or outside the United States, by means of the post office establishment of the United States, or by inciting such other person or any person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice or attempting so to do," mail any letter or receive any letter from the mail, he shall, upon conviction, be punishable by a fine or imprisonment, or both.

The gravamen of this offense is not the intended or perpetrated fraud, but the intended use of the post office establishment of the United States to perpetrate the fraud. The charge in the indictment was that the defendant had devised a scheme to defraud which he "intended to effect by opening correspondence with himself under an assumed and fictitious name by means of the post office establishment of the United States," and that he assumed a false name and caused letters to be written, to be signed by that name, to be sent to and received by himself through the post office establishment for the purpose of carrying out his scheme to defraud.

The act forbidden by the statute is not the deposit in or the receipt from the Post Office Department of the United States of a letter or circular for the purpose of executing a fraudulent scheme, as in section 215 of the Criminal Code (Act March 4, 1909, c. 321, § 215, 35 Stat. 1130). It is the intent to effect the scheme to defraud by either opening or intending to open correspondence or communication with any person by means of the mails, or by inciting such other person or any person to open communication with the schemer.

The obvious and common meaning of opening or intending to open correspondence with a person imports distance between him who opens or intends to open it and his intended correspondent, which renders the use of the mails convenient or necessary, and that his correspondent is some other person than himself, for one cannot open communication with himself by means of the post office establishment by writing and sending letters to himself through the mails, because the communication with himself in such a case must necessarily be opened and intended to be opened when the letter is written and before it is mailed. The clause in this section of the statute, "or by inciting such other person or any person to open communication with the persons so devising or intending," clearly indicates that the person mentioned in the preceding clause, with whom the deviser opens or intends to open correspondence, is to be such "other person" and not himself.

In 1894 in Stokes v. United States, 157 U. S. 187, 188, 15 Sup. Ct. 617, 618, 39 L. Ed. 667, the Supreme Court declared that there were three matters of fact which must be charged in the indictment and established by the evidence under this statute, and that the second of these was that the persons charged "must have intended to effect this

scheme by opening or intending to open correspondence with some other persons through the post office establishment, or by inciting such other persons to open communication with them," and this proposition has been sustained without dissent by the opinions and the practice of the courts. United States v. Long (D. C.) 68 Fed. 348, 349; Milby v. United States, 109 Fed. 638, 640, 641, 48 C. C. A. 574; United States v. Post (D. C.) 113 Fed. 852, 853; Horman v. United States, 116 Fed. 350, 351, 53 C. C. A. 570; Stewart v. United States, 119 Fed. 89, 93, 55 C. C. A. 641; Ewing v. United States, 136 Fed. 53, 54, 69 C. C. A. 61, 62; Brown v. United States, 74 C. C. A. 214, 216, 219, 143 Fed. 60, 62, 65; Rumble v. United States, 143 Fed. 772, 776, 75 C. C. A. 30; United States v. Smith (D. C.) 166 Fed. 958, 960.

Counsel for the United States, in support of their contention that the intent to effect the scheme by opening correspondence with one's self constitutes an offense within the meaning of this statute, cite Weeber v. United States (C. C.) 62 Fed. 740, 741, and United States v. Ryan (D. C.) 123 Fed. 634. The opinion in the latter case is founded upon the decision in the Weeber Case, and a perusal of the indictment in the Weeber Case, which does not appear in the report, has disclosed the fact that it expressly charged that the defendant intended to effect his scheme by opening correspondence and communication by means of the post office establishment with another person, and the opinion of Mr. Justice Brewer shows that the defendant was charged with using the post office establishment to open a correspondence with one Stevens, or to incite the latter to open a correspondence with him. The question presented in this case was not at issue in the Weeber Case, was not presented to the court that decided that case, and it was not suggested to the minds of the judges who participated in its consideration. The decision in that case neither rules nor purports to rule the question under consideration here.

The offense denounced by section 5480 was created by that statute, the punishment it prescribes is severe, and a penal statute which creates and denounces a new offense should be strictly construed. The definition of the offense and the classification of the offenders are legislative, not judicial, functions, and one who was not beyond reasonable doubt within the class declared punishable by the expressed will of Congress may not be brought within that class after the event by interpretation. Ex post facto law by judicial construction is as pernicious as ex post facto legislation. United States v. Wiltberger, 5 Wheat. 77, 96, 5 L. Ed. 37; United States v. Germaine, 99 U. S. 508, 510, 25 L. Ed. 482; Martin v. United States (C. C. A.) 168 Fed. 198, 202, 203; Field v. United States, 137 Fed. 6, 8, 69 C. C. A. 568, 570; United States v. Clayton, Fed. Cas. No. 14,814; In re McDonough (D. C.) 49 Fed. 360; United States v. Lake (D. C.) 129 Fed. 499.

At the time when the defendant is alleged to have committed the acts for which he was sentenced, the common and natural meaning of the terms of this section 5480, and the uniform judicial interpretation of it for many years, limited the class punishable under it to those who intended to effect their fraudulent schemes either by opening or by intending to open correspondence or communication with some

other person or persons by means of the post office establishment of the United States, or by inciting such other person or persons to open communication with them. This was the true interpretation of this law, and the averments in the indictment that the defendant intended to effect his scheme by opening correspondence or communication with himself by means of the post office establishment failed to bring his case within this statute and charged no offense against him.

The judgment below must accordingly be reversed, and the case must be remanded to the District Court, with directions to grant the motion in arrest of judgment, to set aside the verdict, to quash the indictment, and to discharge the defendant; and it is so ordered.