UNITED STATES v. STEVENS et al.

No. 96881.

District Court, S. D. New York.

March 6, 1936.

Walter Brower, Sp. Asst. to the Atty. Gen., Bernard Tompkins, Asst. U. S. Atty., of New York City, and Daniel Gutman, Sp. Asst. to the Atty. Gen.

Lynch, Cahn & Weed, of White Plains, N. Y. (Monroe J. Cahn, of White Plains, N. Y., of counsel), for defendant.

BYERS, District Judge.

Motion for leave to withdraw a plea of not guilty and interpose a demurrer by the defendant Ray to an indictment charging the five defendants with violating the so-called mail fraud statute (title 18 U.S.C. § 338 [18 U.S.C.A. § 338]) and with conspiring so to do (Id., § 88).

This defendant has heretofore pleaded not guilty, and now seeks leave to withdraw the plea, for the reasons stated in behalf of the demurrer; these are that the indictment fails to set forth the facts constituting the alleged scheme to defraud as to the substantive counts, and is therefore equally deficient as to the alleged conspiracy.

The position of the case upon the calendar forbids any extended discussion of the alleged infirmities of the challenged pleading. There are 19 substantive counts, of which the first is the standard.

It alleges in substance:

(a) That the defendants devised a scheme to obtain money by means of false and fraudulent representations, etc., from persons referred to as victims and the public in general, who would be induced to pay money for mortgages and certificates sold by the corporate defendant, and

(b) that the defendants made false and fraudulent representations, etc., "hereinafter set forth" and did conceal the truth from intended victims "as hereinafter set forth" by various methods including letters, to induce the victims to buy the said mortgages and certificates.

(c) That the said false and fraudulent representations made by the defendants were: (Then follow 14 specific representations.)

(d) That each of the said representations was false, and known so to be by the defendants, and each was constructed and expressed so as to deceive and mislead the victims.

(e) That the defendants having so devised the scheme, for the purpose of executing it, on January 10, 1933, mailed in the White Plains Post-office a certain writing enclosed in a post-paid envelope, addressed to one Grant, against the law, etc.

It is urged that the indictment does not charge that the false representations were a part of the scheme, or made in execution thereof.

It is impossible to read the indictment and fail to perceive that the making of the allegedly false representations was pleaded as an integral part of the scheme to defraud; the mere omission of an allegation that such was the fact does not amount to more than a choice of the form in which

the fact is stated. Brown v. U. S. (C.C.A.) 143 F. 60.

The defendants are apprised of what the government alleges the scheme to have been, and that, to carry it into effect, the defendants intended to use letters among other agencies, and did in fact mail one in execution of the scheme. Lemon v. U. S. (C.C.A.) 164 F. 953.

It is thought that the indictment is sufficient in form, both as to the substantive counts and the conspiracy count, and accordingly the motion for leave to file the demurrer will be denied.

Settle order.